**UNITED STATES of America, Plaintiff,**

v.

**Felix Wayne MITCHELL, Nathan Charles Lewis, Morris McClendon, Marcus Wayne Edmundson, Alvin Gay, Donald Grogans, Randy Lamont Brown, aka Randy Lamont Patterson, Billy Ray Brown and Tony Louvell Burton, Defendants.**

**No. CR–83–0130–MHP.**

United States District Court,
N.D. California.

Jan. 4, 1985.

Joseph Burton, Asst. U.S. Atty., San Jose, Cal., Michael Howard, Asst. U.S. Atty., Tax Div., George Niespolo, Criminal Div., San Francisco, Cal., for plaintiff.

William Lathan Osterhoudt, Hallinan, Osterhoudt & Poplack, San Francisco, Cal., for Felix Wayne Mitchell.

Robert Lyons, Hayward, Cal., for Nathan Charles Lewis.

Gregor D. Guy-Smith, San Francisco, Cal., for Marcus Wayne Edmundson.

Richard Mazer, San Francisco, Cal., for Alvin Gay.

Charles Gretsch, San Francisco, Cal., for Donald Grogans.

Marcus Topel, Topel & Goodman, San Francisco, Cal., for Randy Lamont Brown.

Paul D. Wolf, Oakland, Cal., for Billy Ray Brown.

John Williams, San Jose, Cal., for Tony Louvell Brown.

## OPINION

PATEL, District Judge.

Defendants Nathan Lewis and Felix Mitchell have been in custody since February 1983. On November 6 and 19, 1984, respectively, they moved for reconsideration of their bail conditions. In response to these motions the Government moved for a detention hearing pursuant to § 3142 of the Bail Reform Act of 1984 ("BRA 1984"), Comprehensive Crime Control Act of 1984, Tit. II, Ch. 1, Pub.L. No. 98–473, 98 Stat. 1837 (October 12, 1984) (to be codified at 18 U.S.C. § 3141 *et seq.*). Defendants dispute the applicability of the Act to them on retroactivity and *ex post facto* grounds and challenge its constitutionality under the Eighth Amendment and the Due Process Clause of the Fifth Amendment.

■ Having carefully considered the parties' papers and oral argument the court concludes that the Bail Reform Act of 1984 does not apply to defendants Lewis and Mitchell and hereby denies the Government's motion for a detention hearing. As discussed in detail below, this ruling is based upon the finding that neither the legislative history of the Act nor its statutory provisions indicate that Congress intended BRA 1984 to be applied retroactively to individuals already admitted to bail pursuant to the Bail Reform Act of 1966 ("BRA 1966"), 18 U.S.C. §§ 3141–3152 (*repealed by* BRA 1984). In light of this finding on retroactivity the court need not and does not reach the *ex post facto* issue or the constitutional challenges to BRA 1984 raised by defendants.

### Background

Defendants Felix Mitchell and Nathan Lewis were indicted along with several other individuals on February 18, 1983 on charges of conspiracy to distribute narcotics and income tax evasion. The offenses for which they were indicted occurred between 1976 and 1983. Defendants were arraigned in March of 1983 and bail was set at $2.5 million for Mitchell and $1.5 million for Lewis. A trial before Judge Orrick commenced in June 1983 and ended in a mistrial one month later. In December 1983, while defense motions arising from the mistrial were on appeal, this court reduced Mitchell's bail to $1 million. The court reduced Lewis' bail to $750,000 in July 1984. Defendants have not posted bail and have been in custody since their arrest nearly two years ago.

On October 22, 1984 Mitchell again moved for a reduction of bail. The court ruled it would reconsider bail conditions only upon a showing of "changed circumstances" since the previous bail order. Mitchell renewed his motion on November 19, supplementing his prior motion with evidence that he had an offer of employment in Oakland. Meanwhile, Lewis had moved for reconsideration of his bail on November 6, 1984.

In response to these motions the Government moved on November 30 for a detention hearing pursuant to § 3142 of BRA 1984. Defendants responded on December 10 challenging the constitutionality of the statute and its applicability to them. On December 11 the court heard oral argument and, since the Government in its moving papers had not addressed the issues raised by defendants, ordered the Government to file papers on the retroactivity and *ex post facto* issues. The Government responded on December 14 and the court took the matter under submission.

### Discussion

#### Standards for Retroactive Application of Statutes

■ Laws are presumed to be prospective in application absent express Congressional intent to the contrary. *Greene v. United States*, 376 U.S. 149, 84 S.Ct. 615, 11 L.Ed.2d 576 (1964). In *Greene*, a government contract employee who lost his job when the Department of the Navy revoked his security clearance sought compensation from the Defense Department. The Court considered which of two Defense Department personnel regulations applied to petitioner's claim—the regulation in effect at the time petitioner initiated his action against the Department or a supersed-

ing regulation which was less favorable to petitioner, promulgated while the claim was being processed. The Court refused to give the superseding regulation retroactive effect because petitioner's rights had "matured and were asserted" under the prior regulation. The Court wrote,

> "the first rule of construction is that legislation must be considered as addressed to the future, not to the past . . . [and] a retrospective operation will not be given to a statute which interferes with antecedent rights . . . unless such be 'the unequivocal and inflexible import of the terms, and manifest intention of the legislature.'"

376 U.S. at 160, 84 S.Ct. at 621 (quoting *Union Pacific Railroad Co. v. Laramie Stock Yards Co.*, 231 U.S. 190, 199, 34 S.Ct. 101, 102, 58 L.Ed. 179 (1913)).

The rationale of *Greene* is persuasive here. Defendants Mitchell and Lewis were admitted to bail and had their bail conditions modified under the provisions of the Bail Reform Act of 1966. That Act granted defendants a statutory right to bail pending trial subject only to conditions designed to assure their appearance before the court. 18 U.S.C. § 3146 (1966) (*repealed by* BRA 1984); *United States v. Melville*, 306 F.Supp. 124, 126 (S.D.N.Y. 1969) ("[T]here is no authority under existing law for confining defendants in noncapital cases prior to trial on the ground that they are likely to commit crimes other than the one already charged against them."). Although defendants had not yet met the bail conditions imposed by the court they without question had asserted their statutory right.

In passing the Bail Reform Act of 1984 Congress intentionally altered the philosophy underlying the BRA 1966 and for the first time created statutory authority for preventive detention. The legislative history states, "[BRA 1984] marks a significant departure from the basic philosophy of the Bail Reform Act [of 1966], which is that the sole purpose of bail laws must be to assure the appearance of the defendant at judicial proceedings." S.Rep. No. 225, 98th Cong., 1st Sess. 3 (1983) ("S.Rep."). The new Act allows for denial of bail if a judicial officer determines following a hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." BRA 1984 § 3142(e).

The statute creates a rebuttable presumption that certain defendants are to be denied bail. It reads in relevant part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances, Import and Export Act (21 U.S.C. § 951 et seq.) . . .

BRA 1984 § 3142(e). Since Lewis and Mitchell were indicted for violations of the Controlled Substances Act with maximum sentences of greater than ten years, they would be subject to the rebuttable presumption that they be detained without bail should a judicial officer find there was probable cause to believe they committed the offenses with which they are charged. Indeed, the Government argues that Lewis and Mitchell should be subject to the rebuttable presumption on the basis of the indictment *alone*. *See* United States Memorandum on Mitchell/Lewis Detention Hearings at 9.

Without deciding whether the indictment alone is sufficient to establish probable cause, BRA 1984 clearly mandates that upon such a finding these defendants are subject to the rebuttable presumption that they be detained without bail. In contrast, under BRA 1966 they were entitled to their liberty pending trial subject only to their ability to meet the conditions already set by the court. The court finds that the provisions of BRA 1984 significantly alter the statutory right to bail previously asserted by Lewis and Mitchell under BRA 1966.

Accordingly, the court cannot apply BRA 1984 retroactively to them absent express authorization from Congress.

### Construction of the Bail Reform Act of 1984

Neither the language of BRA 1984 nor its legislative history addresses the question of whether its provisions should be given retroactive effect. This silence is conspicuous inasmuch as Congress clearly recognized the "substantial change" this Act makes in existing law. S.Rep. at 10. *See also* S.Rep. at 3 (the Act "substantially revises the Bail Reform Act of 1966."); S.Rep. at 12 (pretrial detention "represents a significant departure from the Bail Reform Act."). Congress knows how to fashion retroactive legislation when it so chooses. *See, e.g., Lehmann v. United States ex rel. Carson,* 353 U.S. 685, 690, 77 S.Ct. 1022, 1024, 1 L.Ed.2d 1122 (1957). Presumably, had Congress intended the substantial changes it intentionally wrought in existing bail law to be applied retroactively it would have so stated.

The legislative history does state that the pretrial detention provisions of BRA 1984 are modeled after those in the District of Columbia Code, D.C.Code Ann. § 23–1322(c)(3), and the interpretation of this provision in *United States v. Edwards,* 430 A.2d 1321 (D.C.App.1981) (*en banc*), *cert. denied,* 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 141 (1982). S.Rep. at 22. The Government argued at oral argument that in placing reliance on *Edwards* Congress implicitly relied *De Veau v. United States,* 454 A.2d 1308 (D.C.1982), *cert. denied,* 460 U.S. 1087, 103 S.Ct. 1781, 76 L.Ed.2d 351 (1983), a case applying certain pretrial detention provisions of the District of Columbia statute retroactively. This argument is flawed in several respects. First, the

Government provided no authority at the hearing or in its papers to support the notion that Congressional reliance on a given case implies the adoption of that case's progeny. An equally if not more compelling argument is that the citation to *Edwards* in the legislative history demonstrates that Congress knows how to identify the case law upon which it intends to rely so that its failure to cite *De Veau* indicates that no such intention existed.

Moreover, the retroactivity problem addressed in *De Veau* presents different issues from those in the instant case. *De Veau* concerned an amendment to the District of Columbia statute that made pretrial detention applicable to persons charged with first degree murder rather than to persons charged with offenses punishable by death. 454 A.2d at 1310–11. Although the offenses for which defendants in *De Veau* were charged occurred prior to the effective date of the amendment, their hearings regarding conditions for release pending trial occurred after the statute was amended. *Id.* at 1314. Thus, unlike Lewis and Mitchell, the defendants in *De Veau* had not been admitted to bail under any prior statute. The *De Veau* court ruled that the application of the amendment to the defendants in that case did not violate the principle disfavoring retroactive application of statutes because it did not deprive defendants of a "matured or unconditional right." *Id.*[1]

Congress' failure to specify whether BRA 1984 should be applied retroactively suffices under *Greene* to direct the court to find that the statute should not be so construed. 376 U.S. at 160–61, 84 S.Ct. at 621–22. However, in addition to the absence of legislative history, the court finds that various provisions of the statute indi-

---

**1.** The situation in *De Veau* is similar to that in *United States v. Hazzard,* 598 F.Supp. 1442 No. 84–CR–771, slip op. (N.D.Ill. Dec. 11, 1984), a case the Government appended to its brief. Defendant in *Hazzard* was charged with offenses committed prior to the effective date of BRA 1984 but his arrest, indictment, and first hear-

ing before a judicial officer took place after the statute's effective date. The *Hazzard* court rejected defendant's *ex post facto* and constitutional challenges to BRA 1984 and upheld the application of the statute to him. The retroactivity issue was not addressed.

cate that Congress intended it be applied prospectively only.

For example, the provision regarding procedures for detention hearings reads in part:

> The hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of the person may not exceed five days, and a continuance on motion of the attorney for the Government may not exceed three days.

BRA 1984 § 3142(f). Two aspects of this provision are relevant to this inquiry. First, the statute by its terms dictates that a detention hearing be held upon defendant's *first* appearance before a judicial officer. The plain language thus indicates that Congress intended the provision apply to newly arrested individuals and not to defendants such as Lewis and Mitchell who were arrested, indicted, arraigned, admitted to bail, and brought once to trial long before BRA 1984 came into effect.

Further, the provision that the detention hearing be held immediately upon defendant's first appearance or after an intentionally brief continuance reflects Congress' recognition that "defendant will be detained during such a continuance." S.Rep. at 22. This concern with a defendant's loss of liberty prior to the detention hearing suggests that Congress did not contemplate that the provision apply to individuals like Lewis and Mitchell who were admitted to but unable to make bail and hence already in custody.

Finally, one of Congress' stated goals in drafting the pretrial detention provisions of BRA 1984 was that they be "workable."

S.Rep. at 7, 9. A cursory review of the Act shows that retroactive application to defendants like Lewis and Mitchell already admitted to bail under BRA 1966 would be wholly unworkable. As discussed above, the provision that a detention hearing be held immediately upon defendant's first appearance before the judicial officer constitutes one of the due process protections Congress built into the statute. Notably, the statute provides no "triggering" date for individuals already in custody and for whom bail already has been set and the Government provides no principled means of establishing such a date.[2] The most reasonable date would be the date on which the Act went into effect; to find otherwise would allow the Government to invoke the detention hearing provisions without being bound by *any* statutory timetable. Were this the case the statute would have the anomalous effect of affording defendants already in custody fewer due process protections than newly arrested defendants.

Another problem with applying the statute to individuals already admitted to bail is that no reasonable basis exists to distinguish between defendants who remain in custody and those who have posted bail and are out of custody. Thus, were the pretrial detention procedures to apply to defendants in the former category they would likewise apply to ones in the latter. As a result, BRA 1984 would authorize the Government to initiate on its own motion proceedings to rescind the bail of any defendant admitted to bail under BRA 1966 and subject him to a detention hearing. The court believes that had Congress intended BRA 1984 to have such far-reaching consequences it would have so stated. Yet the Act is wholly lacking in any procedures for handling persons admitted to bail under BRA 1966.

---

**2.** The Government argues that Lewis and Mitchell triggered BRA 1984's application to them by moving the court to reconsider their bail. *See* United States Retroactivity and Ex Post Facto Response at 8. The court finds nothing in the statute or legislative history to support this position. Moreover, even were the court to infer such a triggering date the Government's motion in the instant case would be untimely since it was not brought within three days of defendants' motion. BRA 1984 § 3142(f).

Instead, the revocation provisions of BRA 1984 do *not* allow for revocation and detention proceedings under the Act for defendants admitted to bail under BRA 1966. The relevant section reads:

> A person who has been released pursuant to the provisions of *section 3142, and* who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court.

BRA 1984 § 3148(a) (emphasis added). The section applies only to individuals released pursuant to *§ 3142,* which necessarily means § 3142 of BRA 1984, for § 3142 of BRA 1966 was repealed and was in no way related to release from custody. In addition, sanctions for individuals released on bail apply only when a bail condition has been violated. Congress apparently did not contemplate that individuals released pursuant to BRA 1966 would be subject to sanctions under BRA 1984 upon the Government's motion.

In sum, the court finds that the pretrial detention provisions of BRA 1984 do not apply retroactively to defendants like those in the instant case who have been admitted to bail pursuant to BRA 1966. The court does not have before it and does not reach the issue of whether BRA 1984 would apply to defendants charged with offenses which occurred prior to the effective date of the Act but who were not in custody or not admitted to bail at that time. In this case the offenses were committed long before the adoption of BRA 1984; the defendants first appeared before a judicial officer before its adoption; and proceedings have been conducted and bail set under BRA 1966 long before the 1984 Act.

For the foregoing reasons the Government's motion for a detention hearing is denied. Bail and the conditions of release imposed by this court pursuant to BRA 1966 will remain in effect. The court's ruling on defendants' motions to reconsider their bail has been addressed in a separate order.

IT IS SO ORDERED.