**UNITED STATES of America, Plaintiff,**

v.

**John ROURKE, et al., Defendants.**

**Crim. No. 84–94–N.**

United States District Court,
E.D. Virginia,
Nortfolk Division.

June 21, 1985.

Tommy E. Miller, Robert E. Bradenham, II, Office of the U.S. Atty., E.D. Va., Walter E. Hoffman, U.S. Courthouse, Norfolk, Va., for plaintiff.

Paul D. Brunton, Tulsa, Okl., Lloyd J. Parker, Jr., Portsmouth, Va., for defendant John Rourke.

MEMORANDUM ORDER

DOUMAR, District Judge.

On March 14, 1985, the defendant, John Rourke, was convicted of 21 U.S.C. § 963 (conspiracy to import cocaine) and 21 U.S.C. § 952(a) (importation of about 691 pounds of cocaine). Following the jury verdict of guilty and an evidentiary hearing, the Court ordered that Rourke, an accomplished pilot and the aviation consultant to a drug ring, be detained pending sentencing under 18 U.S.C. § 3143(a) of the Bail

Reform Act of 1984. The Court now declines to modify that judgment for the reasons which follow.

Following the preparation of a pre-sentence report, the Court sentenced Rourke on May 3, 1985 to concurrent imprisonment terms of fourteen (14) years on both counts. Rourke now moves for bail pending appeal under 18 U.S.C. § 3143(b) as he remains incarcerated under the sentence imposed on May 3, 1985. Rourke argues that (1) the Bail Reform Act of 1984 is an *ex post facto* law as applied to him and (2) that the statute does not apply retroactively to a defendant like Rourke admitted to bail prior to the Act's passage.

## I.

Laying aside constitutional analysis and questions of retroactivity, the relevant subsections of the Bail Reform Act of 1984 read as follows:

§ 3143. Release or detention of a defendant pending sentence or appeal.

(a) RELEASE OR DETENTION PENDING SENTENCE.—The judicial officer shall order that a person who has been found guilty of an offense and who is waiting imposition or execution of sentence, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released pursuant to section 3142(b) or (c). If the judicial officer makes such a finding, he shall order the release of the person in accordance with the provisions of section 3142(b) or (c).

(b) RELEASE OR DETENTION PENDING APPEAL BY THE DEFENDANT.—The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to section 3142(b) or (c); and

(2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

If the judicial officer makes such findings, he shall order the release of the person in accordance with the provisions of section 3142(b) or (c).

18 U.S.C. § 3143. This new Act created significant revisions in standards and procedures governing bail. *See United States v. Williams*, 753 F.2d 329, 332 (4th Cir. 1985).

Upon Rourke's conviction on March 14, 1985, the Court ruled that Rourke would be detained under Section 3143 Subsection (a), the section relevant to defendants pending sentencing. The evidence adduced at trial and at a post-verdict evidentiary hearing led the Court to find that clear and convincing evidence of Mr. Rourke's return for sentencing was wholly lacking. Actually, much evidence to the contrary was revealed. Rourke himself is a pilot who has maneuvered planes in and out of the United States at will and his family continues to own an aviation business. He was in poor financial condition. Rourke testified that he had received communications and threats of an undisclosed nature, from other fugitive co-defendants involved in the smuggling venture. These continuing communications particularly troubled the Court.

On April 17, 1985, the Fourth Circuit ruled that Rourke's appeal of his post-verdict but pre-sentence detention was "premature since the appellant has not yet been sentenced." *United States of America v. John Rourke*, No. 85–5101 (4th Cir. April 17, 1985).

Following his sentencing on May 3, 1985, Rourke renewed his motion in this Court for bail pending appeal to allow his release from detention at least until the Fourth Circuit acted. The motion is now brought under 18 U.S.C. § 3143(b) (Release or Detention Pending Appeal), whereas prior to

sentencing the relevant subsection was 3143(a) (Release or Detention Pending Sentencing).

Subsection (a) requires the Court to detain the defendant unless clear and convincing evidence shows that the defendant will not flee or pose a danger to safety of any other person or the community. The Court found such evidence lacking on March 14, 1985.

Subsection (b), relevant after sentencing, places a greater burden upon the *convicted and sentenced* defendant. The defendant is detained unless the Court finds that both § 3143(b)(1) *and* (b)(2) are met. Clearly, if the burden of proof of *either* subsection is not met, the defendant is detained.

■ There have been numerous recent circuit courts of appeal decisions interpreting the appeal clause in § 3143(b)(2). *See e.g., United States v. Molt,* 758 F.2d 1198 (7th Cir.1985); *United States v. Crabtree,* 754 F.2d 1200 (5th Cir.1985) (one judge); *United States v. Handy,* 761 F.2d 1279 (9th Cir.1985); *United States v. Giancola,* 754 F.2d 898 (11th Cir.1985); and *United States v. Miller,* 753 F.2d 19 (3rd Cir.1985). Although these decisions interpret this subsection in a new and important way, these cases are irrelevant to the instant determination. Here, the Court stands pat on its findings at the post-conviction, presentence hearing that there was no showing by clear and convincing evidence that the defendant was not likely to flee. The operative language of subsection 3143(a) is identical to the language of subsection 3143(b)(1) regarding risk of flight. Hence, the Court need not further evaluate subsection 3143(b)(2) as Rourke desires, because he must meet the burdens of both subsections, not just one or the other.

## II.

■ Rourke claims that the Bail Reform Act of 1984 is an *ex post facto* law under Article I, sec. 9 of the Constitution. Until October 12, 1984, the relevant statutory rules regarding bail pending appeal were as follows:

A person ... who has been convicted of an offense and is either awaiting sentence or sentence review under section 3576 of this title [18 USCS § 3576] or has filed an appeal or a petition for a writ of certiorari, shall be treated in accordance with the provisions of section 3146 [18 USCS § 3146] unless the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community. If such a risk of flight or danger is believed to exist, or if it appears that an appeal is frivolous or taken for delay, the person may be ordered detained....

18 U.S.C. § 3148 (repealed). As the Seventh Circuit stated recently in *United States v. Molt,* 758 F.2d 1198 (1985) (Posner, J.): "[T]he change in the standard for bail pending appeal is not an *ex post facto* law. 'Even though it may work to the disadvantage of a defendant, a procedural change is not *ex post facto*'," citing *Dobbert v. Florida,* 432 U.S. 282, 293, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977); *see e.g., United States ex rel Massarella v. Elrod,* 682 F.2d 688, 689 (7th Cir.1982) (extending the statute of limitations); *Dunn v. Maggio,* 712 F.2d 998, 1001–02 (5th Cir.1983) (per curiam) (repealing pardon statute). It appears that the recent circuit decisions construing the Bail Reform Act of 1984 are in accord with the view, *see, e.g. United States v. Crabtree,* 754 F.2d 1200, 1201–02 (5th Cir.1985) (one judge); *United States v. Miller,* 753 F.2d 19, 21 (3rd Cir.1985). The Court follows these cases and rejects the *ex post facto* claim.

## III.

Rourke also claims that the Bail Reform Act of 1984 is a prospective law, inapplicable to those admitted to bail prior to its effective date on October 12, 1984.

The Supreme Court has ruled that federal courts must apply the law in effect at the time it renders a decision, unless such a decision would result in manifest injustice or where legislative history or statutory

direction is to the contrary. *Bradley v. Richmond School Board*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974); *See National Posters, Inc. v. N.L.R.B.*, 720 F.2d 1358, 1363 (4th Cir.1983). The Court here addresses the Congressional intent and the issue of "manifest injustice".

Rourke was admitted to bail in the amount of Twenty-Five Thousand Dollars ($25,000.00) in the Northern District of Oklahoma on July 30, 1984. The Bail Reform Act of 1966 was then in effect. He was free on bail at the effective date of the Bail Reform Act of 1984, yet the government made no attempt to seek his detention under the new statute's standards. However, *after* the jury returned a guilty verdict at his third trial, the government moved for his immediate detention. Under the new Act, 18 U.S.C. § 3143(b), the Court ordered Rourke's detention for the many reasons revealed in the transcript of the post-verdict detention hearing held on March 14, 1985.

This Court reads 18 U.S.C. § 3143(b) as speaking in terms of *conviction* as the triggering event, i.e., "a person ... found guilty ... and sentenced to a term of imprisonment ... who has filed an appeal ... [is] detained, unless...." Rourke's conviction occurred on March 14, 1985 and his sentencing was on May 3, 1985. Upon sentencing, the Court must review the defendant's status under the criteria of 3143(b). A defendant's conviction and a finding of guilty by a jury is a markedly different status from presumed innocence and release on bail prior thereto. *The statute recognizes the different status.*

The defendant in *United States v. Zannino*, 761 F.2d 52 (1st Cir.1985), was admitted to bail before the Act's effective date. However, after its effective date, and before trial, the government moved for his detention under the "dangerous" defendant provisions of the new Act. *See* 18 U.S.C. § 3143(a). The district Court affirmed the U.S. Magistrate, *who refused to revoke*

bail under the Bail Reform Act of 1984, and the First Circuit reversed.

■ The First Circuit in *Zannino* noted that even under the prior Bail Reform Act of 1966, bail terms were "subject to review when changed circumstances require that the release be reappraised." *Zannino, supra*, at 55. The Court cited 18 U.S.C. § 3146(e), *repealed by* 18 U.S.C. § 3142(c), which reads in part:

A judicial officer ordering the release of a person on any condition specified in this section may at any time amend his order to impose additional or different conditions of release.

*Id.* Although Rourke is a sentenced and convicted defendant unlike Zannino, who was a pre-trial defendant, Rourke was equally subject to the repealed subsection above by virtue of repealed § 3148, which states that those "awaiting ... sentence review ... shall be treated in accordance with the provisions of section 3146 unless [there exists] a risk of flight or danger is believed to exist, or if it appears that an appeal is frivolous or taken for delay...." The *Zannino* court went on to state:

Thus the release on bail allowed under the 1966 Act was not an absolute grant; defendants were given notice that a change in conditions or terms could bring about the revocation of the release. That statute, furthermore, created no expectation that conditions would not change.

*What has actually occurred with the passage of the pretrial detention provision may be considered a statutorily mandated change in those conditions* .... We hold that defendants released under the 1966 Bail Act must show their continued eligibility for bail by meeting the newly imposed conditions if this issue is affirmatively raised by the Government.

*Zannino, supra*, at 55–56. It is plain that even under the prior Bail Reform Act of 1966 release on bail was modifiable and never a vested right; hence, Rourke would not profit from its applicability.

Under the rationale of *Zannino,* or under an interpretation that the Bail Reform Act of 1984 is a prospective law effectuating a procedural change which fully applied to Rourke upon his sentencing, the Court holds that no manifest injustice results in ordering Rourke to begin serving his sentence pending appeal. There is no indication of any kind in the legislative history of the Bail Reform Act of 1984 that Congress intended it to apply to certain classes of defendants and not to others, nor of the Act's retroactivity or prospectivity. Furthermore, since the Act had an obvious impact on pretrial detainees and post-conviction defendants, any limitation on its applicability would have been expressed by Congress. *See generally Zannino, supra,* at 56–57.

The Court recognizes that in *United States v. Mitchell,* 600 F.Supp. 164 (N.D. Cal.1985) Judge Patel held that the Bail Reform Act of 1984 was inapplicable to defendants admitted to bail under the prior, repealed Bail Reform Act of 1966. This Court is unable to discover any other reported decision to date following *Mitchell.* Indeed, in *United States v. Allen,* 605 F.Supp. 864 (W.D.Pa.1985), Judge Diamond rejected an "ex post facto law" challenge and a "retroactivity" attack on the Bail Reform Act of 1984, by pre-trial detainees alleged to have committed crimes prior to the Act's passage. In another case, the First Circuit Court of Appeals rejected the "retroactivity" argument with respect to one charged before the new Act was effective and who sought pre-trial release. *See United States v. Angiulo,* 755 F.2d 969, 973–74 (1st Cir.1985).

The Court therefore holds that the Bail Reform Act of 1984 is not an *ex post facto* law as applied to Rourke; that the Act is intended to apply to pending criminal matters such as the instant case and that a conviction by a jury is a substantial change in status of the defendant. Rourke shall remain incarcerated pending appeal.

IT IS SO ORDERED.