**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Riad Abed AL–AZZAWY,**
**Defendant-Appellant.**

**No. 84-5367.**

United States Court of Appeals,
Ninth Circuit.

Aug. 16, 1985.

Mark Bonner, U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Steve Cochran, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

ON APPELLEE'S PETITION FOR RE-HEARING AND SUGGESTION FOR RE-HEARING EN BANC.

Before SCHROEDER, FARRIS, and RE-INHARDT, Circuit Judges.

SCHROEDER, Circuit Judge.

This case raises important issues concerning the timeliness requirements for pretrial detention hearings under the Bail Reform Act of 1984, 18 U.S.C. § 3142. It came to us as an emergency appeal from the district court's order that the appellant be detained prior to trial pursuant to 18 U.S.C. § 3142(e). That provision authorizes the district court to order pretrial detention for an indefinite period in certain limited circumstances.[1] We entered an order reversing the detention order and requiring the district court to hold a hearing pursuant to section 3142(c) to determine appropriate release conditions.[2] The matter is now before us on the government's petition for rehearing.

We based our reversal upon material violations of the timeliness requirements of 18 U.S.C. § 3142(f) which provides that a detention hearing

shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the government, seeks a continuance. Except for good cause, a continuance on motion of the person may not exceed five days, and a continuance on motion of the attorney for the government may not exceed three days.

1. The full text of section 3142(e) provides:

(e) DETENTION.—If, after a hearing pursuant to the provisions of subsection (f), the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, he shall order the detention of the person prior to trial. In a case described in (f)(1), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if the judge finds that

(1) the person has been convicted of a Federal offense that is described in subsection (f)(1), or of a State or local offense that would have been an offense described in subsection (f)(1) if a circumstance giving rise to Federal jurisdiction had existed;

(2) the offense described in paragraph (1) was committed while the person was on release pending trial for a Federal, State, or local offense; and

(3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1), whichever is later.

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), section 1 of the Act of September 15, 1980 (21 U.S.C. 955a), or an offense under section 924(c) of title 18 of the United States Code.

2. Pursuant to our order, the trial court established conditions for pretrial release, and the defendant is no longer in custody.

The defendant has not yet been tried, however, because the district court has granted the defendant's motion to suppress key evidence, and the government cannot proceed to trial unless it is successful in its pending appeal from the suppression order.

18 U.S.C. § 3142(f).[3]

In this case, the defendant Al-Azzawy was detained for nearly a month before the pretrial detention hearing, and the delay included continuances unauthorized by the statute. The government argues that we should grant rehearing because at least some of the delay was for the convenience of defense counsel. We deny the petition for rehearing.

3. The full text of section 3142(f) provides:

(f) DETENTION HEARING.—The judicial officer shall hold a hearing to determine whether any condition or combination set forth in subsection (c) will reasonably assure the appearance of the person as required and the safety of any other person and the community in a case—

(1) upon motion of the attorney for the Government, that involves—

(A) a crime of violence;

(B) an offense for which the maximum sentence is life imprisonment or death;

(C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or section 1 of the Act of September 15, 1980 (21 U.S.C. 955a); or

(D) any felony committed after the person had been convicted of two or more prior offenses described in subparagraphs (A) through (C), or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) if a circumstance giving rise to Federal jurisdiction had existed; or

(2) Upon motion of the attorney for the Government or upon the judicial officer's own motion, that involves—

(A) a serious risk that the person will flee;

(B) a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

The hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of the person may not exceed five days, and a continuance on motion of the attorney for the Government may not exceed three days. During a continuance, the person shall be detained, and the judicial officer, on motion of the attorney for the Government or on his own motion, may order that, while in custody, a person who appears to be a narcot-

## FACTS

Al-Azzawy was arrested for possession of an unregistered firearm. He appeared before a magistrate the following day, November 20, 1984. The magistrate determined that he was not a citizen of the United States or lawfully admitted for permanent residence, and that he might flee or pose a danger to the community. The magistrate therefore ordered him temporarily detained under 18 U.S.C. § 3142(d).[4]

ics addict receive a medical examination to determine whether he is an addict. At the hearing, the person has the right to be represented by counsel, and, if he is financially unable to obtain adequate representation, to have counsel appointed for him. The person shall be afforded an opportunity to testify, to present witnesses on his own behalf, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise. The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing. The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence. The person may be detained pending completion of the hearing.

4. The full text of section 3142(d) provides:

(d) TEMPORARY DETENTION TO PERMIT REVOCATION OF CONDITIONAL RELEASE, DEPORTATION, OR EXCLUSION.—If the judicial officer determines that—

(1) the person—

(A) is, and was at the time the offense was committed, on—

(i) release pending trial for a felony under Federal, State, or local law;

(ii) release pending imposition or execution of sentence, appeal of sentence or conviction, or completion of sentence for any offense under Federal, State, or local law; or

(iii) probation or parole for any offense under Federal, State, or local law; or

(B) is not a citizen of the United States or lawfully admitted for permanent residence, as defined in section 101(a)(2)) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(2)); and

(2) the person may flee or pose a danger to any other person or the community;

he shall order the detention of the person, for a period of not more than ten days, excluding Saturdays, Sundays, and holidays, and direct the attorney for the Government to notify the appropriate court, probation or parole offi-

That section provides that certain persons, including aliens who are not citizens or permanent residents, and who are also found to be a danger or a flight risk, may be held up to ten days (excluding Saturdays, Sundays and holidays) to allow the appropriate court or government agency an opportunity to take the person into custody. The government did not ask for indefinite detention pending trial pursuant to 18 U.S.C. § 3142(e) at that first, November 20, appearance. A hearing to set bail was scheduled for December 6, 1984 and in the interim Al-Azzawy was indicted on several counts of illegal firearms possessions.

On December 6 at the time set for the hearing to set bail, the government moved for indefinite pretrial detention under section 3142(e). The magistrate overruled Al-Azzawy's opposition to the motion as untimely. Defense counsel then, for reasons which are not clear, indicated that the earliest date on which he could appear for the detention hearing would be December 14, eight days later. The section 3142(f) hearing was therefore set for December 14, a continuance longer than either party could request absent a finding of good cause. The magistrate apparently made no good cause finding.

On December 14, the parties appeared before the district court ready to proceed with the detention hearing. Witnesses were present to testify for both Al-Azzawy and the government. However, the district court indicated through a clerk, and not upon motion of either party, that the evidentiary hearing should be further continued, for one week, to December 21. This was apparently because the district court needed additional time to review Al-Azzawy's motion challenging the constitutionality of the statute. There was no explanation for why the court needed to wait until it had reviewed legal memoranda before it

received evidence and considered the relevant factual criteria for pretrial detention pursuant to 3142(e). After Al-Azzawy objected to the continuance based on the timeliness provisions of section 3142(f), and the government attorney stated he had a stock memorandum on the constitutional issues, the hearing was continued until December 17.

The district court, at the December 17 detention hearing, rejected Al-Azzawy's challenge to the constitutionality of pretrial detention. The court then considered witnesses' testimony and proffers from counsel for each party, made the requisite findings and ordered Al-Azzawy detained pending trial. This appeal followed.

## DISCUSSION

 18 U.S.C. § 3142(f) requires that the hearing for indefinite pretrial detention be held "immediately upon the person's first appearance before a judicial officer" and that continuances of more than five days on motion of the person or three days on motion of the government be for good cause. The "first appearance" would appear to mean the post-arrest hearing prescribed in Rule 5, Fed.R.Crim.P. This is confirmed by the explanation in the Senate Report that provisions for continuance were to permit a limited period of time for preparation for the hearing, "particularly if the defendant was arrested soon after the commission of the offense with which he is charged...." S.Rep. No. 98–225, 98th Cong., 2d Sess. 1, 22, *Reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3184, 3205. The statute does not authorize any continuances on the court's own motion.

The record reflects that Al-Azzawy was detained without a hearing between the time of his first appearance before a magistrate, on November 20, and the time of his detention hearing on December 17. The

cial, or State or local law enforcement official, or the appropriate official of the Immigration and Naturalization Service. If the official fails or declines to take the person into custody during that period, the person shall be treated in accordance with the other provisions of this section, notwithstanding the

applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings. If temporary detention is sought under paragraph (1)(B), the person has the burden of proving to the court that he is a citizen of the United States or is lawfully admitted for permanent residence.

government made no request for pretrial detention under section 3142(e) at his initial appearance. After it did request detention, two continuances followed; one apparently for the convenience of defense counsel, and the other at the prompting of the court.

The statute has strict time requirements in recognition of the need to ensure that persons who have not been convicted of an offense should not be unconditionally deprived of their liberty without a prompt hearing. The legislative history reflects that Congress wanted the time limitation on continuances observed in order to protect the defendant, because he remains detained without a hearing for the term of any continuance.

> The period of a continuance sought by the defendant and of one sought by the government is confined to five and three days, respectively, in light of the fact.the defendant will be detained during such a continuance. S.Rep. No. 98–225, 98th Cong., 2d Sess. 1, 21–22, *Reprinted in* 1984 U.S.Code Cong. & Ad.News 3184, 3204, 3205.

In the relatively short period since the Act became effective, the courts have insisted upon strict adherence to the language of the Act. The leading circuit decision is *United States v. Payden,* 759 F.2d 202 (2d Cir.1985), in which the court reversed a district court detention order because the request for detention was delayed past the time of the first appearance before a judicial officer.[5] *Accord United States v. O'Shaughnessy,* 764 F.2d 1035 (5th Cir.1985). Several district courts have viewed the requirements for a prompt hearing as necessary for due process. *See United States v. Mitchell,* 600 F.Supp. 164, 168 (N.D.Cal.1985); *United States v. Resek,* 602 F.Supp. 1126, 1129 (S.D.N.Y.1985); *United States v. Acevedo-Ramos,* 600 F.Supp. 501, 506, 510 (D.Puerto Rico 1984), *aff'd,* 755 F.2d 203 (1st Cir.1985).

The Bail Reform Act does not permit a waiver of time requirements by the defendant. Congress, therefore, must have intended enforcement to be at least as strict as that under the Speedy Trial Act, where waiver by the defendant is permitted. We have held that court congestion does not excuse violations of time requirements under the Speedy Trial Act. *United States v. Nance,* 666 F.2d 353, 358 (9th Cir.), *cert. denied,* 456 U.S. 918, 102 S.Ct. 1776, 72 L.Ed.2d 179 (1982).

■ We conclude that the procedures under section 3142 of the Act must be strictly followed as a precondition to detention under subsection (e). If the time constraints are violated in any material way, the district court should not order unconditional pretrial detention of the person.

In this case, several distinct events contributed to the delay of nearly a month from the time of defendant's first post-arrest appearance before a judicial officer and the section 3142(f) detention hearing. The government did not request pretrial detention at defendant's first appearance on November 20 as required by subsection (f). The magistrate ordered him detained pursuant to the ten-day detention provision of subsection (d). It was not until the bail hearing on December 6 that the government asked for indefinite pretrial detention under subsection (e).

Neither the statute nor the legislative history addresses "the first appearance" requirement in the context of a person like this appellant who is detained for ten days pursuant to section 3142(d). The First Circuit in *United States v. Angiulo,* 755 F.2d 969 (1st Cir.1985), cautioned against use of the ten-day detention to delay a hearing. It stated that the purpose of the first appearance requirement, coupled with the limited provisions for continuance, is to guarantee a speedy bail determination in order to prevent a magistrate from ordering a defendant temporarily detained under

---

**5.** The court in *Payden* held that the request should have been made at the post-indictment arraignment, which was the defendant's first appearance before a judicial officer following the effective date of the Act. The defendant's actual first appearance following his arrest was before the Act became effective.

subsection (d) and then holding the "key 'detention' hearing at some much later time." *Id.* at 972; *see also United States v. Delker,* 757 F.2d 1390, 1394 (3d Cir.1985) (import of the clause is to call for a prompt hearing on the issue of detention). This would suggest that the statute is violated when, as in this case, continuance of the key detention hearing under subsection (f) is tacked onto the ten-day subsection (d) detention. If so, then this defendant's detention hearing should have been held, at the very latest, on December 6.

◼ We need not decide this case on that issue, however. Even assuming that a limited continuance pursuant to subsection (f) could have been ordered after the subsection (d) ten-day detention, the subsection (f) limitations on continuances were violated here. There was an initial continuance of eight days, from December 6 to December 14. This length of time exceeded the number of days permitted for a defense continuance absent a finding of good cause. The government argues that defense counsel's inability to appear earlier should be deemed good cause. We believe, however, that a continuance to suit the schedule of counsel for a detained individual is not a continuance for good cause, at least in the absence of a showing that no other lawyer is available to handle an earlier hearing, that the time is in fact necessary for preparation, or of some other valid reason clearly set forth in the record. There was no such showing here and no finding of good cause was made. This violated subsection (f).

◼ Moreover, there was still another continuance in this case, from December 14 to December 17. This was attributable to the court's desire for additional time. Subsection (f) provides that the hearing must be held "unless that person or the attorney for the government" moves for a continuance. There is no provision for continuances on the court's own motion, even though subsection (f) does permit the court, sua sponte, to make other motions, e.g., to order a medical exam. The statute clearly does not contemplate such motions for continuances. This three-day continuance at the behest of the court was, therefore, also a material violation of this statute.[6] The liberty interests of the individual who has yet to be tried should not be subordinated to scheduling problems of counsel or the court.

The petition for rehearing is denied.

FARRIS, Circuit Judge, concurring:

The majority has interpreted the mandatory language of 18 U.S.C. § 3142(f) as Congress intended. However, the majority opinion may be read to permit the district court on remand to grant an immediate and unconditional release. I write separately to emphasize that the district court remains free to impose appropriate conditions of release under § 3142(f).

I. *The continuance from December 6 to December 14, 1984.*

On December 6, 1984, the government moved for pretrial detention of the defendant as a serious flight risk and danger to the community. *See* 18 U.S.C. § 3142(f). The presiding magistrate stated that he

---

**6.** The government's argument that the second continuance was on its motion is not persuasive. The transcript of the December 14 hearing shows that the district court had already decided to continue the hearing to December 21 so that it could consider the constitutional issues raised. Because Al-Azzawy objected on the record, the hearing was moved up to December 17. Although the government indicated that it would like time to consider the papers filed and to file a response, the government also indicated that it had a stock response already prepared. That response was filed before noon on December 14. The government agreed to the continuance to December 17 but it does not appear that the government asked for the continuance. In fact, the government was ready to proceed on December 14 and had numerous witnesses present. It is clear that the district court rather than the government was concerned about the constitutional arguments raised and its lack of time to consider those arguments. Because the government filed its response before noon on December 14, and both parties were prepared to proceed with the hearing scheduled for 9:30 a.m., it appears that the district court could have held the hearing rather than continuing it to December 17.

was prepared to hold the § 3142(f) detention hearing immediately. However, Al-Azzawy's counsel asked for a continuance until December 14. Upon motion of defense counsel for "good cause"—here freely acknowledged by the defendant whose liberty interests were at stake—the court granted an eight-day continuance. *See* 18 U.S.C. § 3142(f). The majority rejects defense counsel's acknowledgement of "good cause" and holds that "a continuance to suit the schedule of counsel for a detained individual is not a continuance for good cause, at least in the absence of a showing that no other lawyer is available to handle an earlier hearing, that the time is in fact necessary for preparation, or of some other valid reason clearly set forth in the record." Majority Opinion at 1146.

As defense counsel argued on December 6, the continuance was necessary for Al-Azzawy to prepare a detailed constitutional challenge against the freshly-enacted provisions of the Bail Reform Act. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), recognizes that "the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.* at 532, 92 S.Ct. at 2193; *cf. Chambers v. Maroney*, 399 U.S. 42, 59, 90 S.Ct. 1975, 1985, 26 L.Ed.2d 419 (1970) ("[w]here counsel has ... no opportunity to plan a defense, the result is that the defendant is effectively denied his constitutional right to assistance of counsel"); *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322, 84 L.Ed. 377 (1940). Strict adherence to the mandatory language of § 3142(f) may ironically result in the loss of an even greater liberty interest, for a defendant unable to prepare for the immediate detention hearing could as a result receive indefinite pretrial detention for a period far exceeding the few days' continuance.

Nevertheless, whether an immediate hearing would protect the defendant's liberty interests better than the time he requested to prepare an adequate defense is irrelevant to our reading of the unequivocal terms of the statute. I agree with the majority that Congress intended strict

adherence to the time constraints of § 3142(f).

## II. *The continuance from December 14 to December 17.*

The majority concludes that the continuance from December 14 to 17 was improper. The record reflects that defense counsel neglected to deliver its constitutional challenge to the district court clerk's office until less than 48 hours before the detention hearing was to be held; by the morning of the hearing, neither the government's attorney nor the judge had yet received counsel's papers. The judge therefore found "good cause" to grant the December 17 continuance.

In the absence of § 3142(f)'s mandatory language, a three-day continuance may well have been appropriate to assure that the government and the court had an opportunity to review a detailed constitutional challenge against a newly-enacted statute. A finding of good cause would have been particularly apt when the continuance was spawned by defense counsel's failure to file its challenge in a timely manner.

The record reflects, however, that the continuance to December 17 occurred on motion of the court. I agree with the majority that the statute does not provide for a continuance on the court's own motion.

I part company with the majority when it minimizes the fact that the continuance was the material consequence of the late delivery of defendant's papers and the request by the government, "I would like to read the pleadings." While the government had prepared a "stock response" to Al-Azzawy's constitutional challenge and could arguably have proceeded, the U.S. Attorney also stated that he had not himself done the legal research for the response and "would care to revise it myself" before arguing the issue. We deal (or should deal) with reality in a court setting. Courts must act responsibly. Postponing the hearing was a responsible action. Proceeding without reviewing the brief and

providing time for a response by the government would have been irresponsible. To bar a continuance under such circumstances would have rewarded the defendant for its belated filing and threatened the ability of the court and the government to give due consideration to defendant's claims. This would also have impaired the defendant's ability to present a meaningful defense—i.e., a defense weighed with care rather than disposed of without adversarial input or due deliberation by the court.

The majority observes that the government had prepared a "stock response" and had a number of witnesses ready on December 14, *see* Majority Opinion at n. 6. These facts may simply indicate that the government had prudently made provisions to argue its case in the event the court denied the requests for a continuance. Furthermore, even if these circumstances demonstrate that the government was "[un]concerned about the constitutional arguments raised and its lack of time to consider those arguments," *id.*, the court is not without responsibility.

The district court's responsibility should now be discharged on remand. The majority implies that the district court may now grant immediate and unconditional release pursuant to §§ 3142(b) and (c)—even though the district court in the pretrial detention hearing found no appropriate combination of conditions for release under § 3142(c). I would emphasize that the district court remains free to impose appropriate substantial conditions for release under § 3142(c), including maintaining Al-Azzawy in the custody of a court-appointed person. 18 U.S.C. § 3142(c)(2)(A). Without such conditions, tragic consequences could result whenever § 3142(f)'s time constraints are violated. Furthermore, an unconditional release may well be disproportionate to the violation—particularly when defense counsel's own negligence may have caused the violation—and would contradict the intent evinced in § 3142(c) to protect society. Finally, should Al-Azzawy fail to comply with such conditions as the court may set, a motion for revocation of release and detention under 18 U.S.C. § 3148 would be appropriate. *See United States v. O'Shaughnessy*, 764 F.2d 1035 (5th Cir.1985) (available July 8, 1985, on WESTLAW, CTA5 file).

The district court, after a full hearing on the merits, ordered that the accused be detained. The majority, because of defense counsel's delay, may appear to order defendant's unconditional release. I write separately to emphasize that while the language of the statute is mandatory, the court has power to consider appropriate conditions for release.