UNITED STATES of America,
Plaintiff-Appellee,

v.

Jose Ignacio BECERRA–COBO,
Defendant-Appellant.

No. 86–2237
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 23, 1986.

Roland E. Dahlin, II, Federal Public Defender, Thomas S. Berg, Asst. Federal Public Defender, Houston, Tex., for defendant-appellant.

Henry K. Oncken, U.S. Atty., Cedric L. Joubert, James R. Gough, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

■ The Bail Reform Act of 1984[1] contains separate provisions for temporary detention for ten days of certain persons, including persons not lawfully admitted for permanent residence in the United States, and for detention until trial of persons who are dangerous or whose presence at trial cannot be reasonably assured. The Act expressly requires that, if the Government seeks detention until trial, the demand must be made at the first appearance of the detained person before a judicial officer. Considering the separate purposes served by temporary detention and the overall statutory scheme, we hold that detention without bail until trial need not be demanded at the first appearance of an alien at a temporary detention hearing, but may be sought by the government at a subsequent hearing so long as it is held within the ten-day temporary detention period. We therefore affirm the district court judgment refusing to release a foreign national detained under these circumstances.

Jose Ignacio Becerra-Cobo has been indicted for possession and importation of cocaine. Becerra-Cobo is a Colombian citizen and a member of the Colombian Air Force who was temporarily in the United States on a military mission. He was arrested after his commanding officer noticed suspicious packages in his luggage and notified the Drug Enforcement Agency.

Becerra-Cobo was arrested and charged on February 5. He appeared before a magistrate on the same day. Because he was a foreign national who had not been admitted for permanent residence, the district court ordered him detained pursuant to 18 U.S.C. § 3142(d)(1)(B), to allow the United States Attorney to notify the proper immigration authorities. That section provides for temporary detention of a person "not a citizen of the United States or lawfully admitted for permanent residence" for a period of not more than ten days, not counting weekends and holidays.

Before the ten-day period had expired, the magistrate, on February 14, held a combined preliminary examination and pretrial detention hearing. At that time, the Government urged that Becerra-Cobo be detained until trial pursuant to § 3142(e),[2] which provides for the detention of any arrested person pending trial if no conditions of release would reasonably prevent that person from fleeing or posing a threat to the community. Section 3142(f) requires that such a detention hearing "shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance."[3] It also requires that, except for good cause, a continuance on motion of the person may not exceed five days and, on the Government's motion, may not exceed three days.

Becerra-Cobo asserts that he may not now be detained until trial because the detention was not sought upon his first appearance before a judicial officer or within five days thereafter. He urges that subsection (d), set forth in the footnote,[4]

1. 18 U.S.C. §§ 3141–50 (Supp. II 1984).

2. 18 U.S.C. § 3142(e) (Supp. II 1984).

3. 18 U.S.C. § 3142(f) (Supp. II 1984); *see United States v. Payden,* 759 F.2d 202, 203–04 (2d Cir. 1985); *United States v. Fortna,* 769 F.2d 243, 248 (5th Cir.1985).

4. (d) Temporary Detention to permit revocation of conditional release, deportation, or exclusion.—If the judicial officer determines that—
 (1) the person—
 (A) is, and was at the time the offense was committed, on—
 (i) release pending trial for a felony under Federal, State, or local law;

 (ii) release pending imposition or execution of sentence, appeal of sentence or conviction, or completion of sentence, for any offense under Federal, State, or local law; or
 (iii) probation or parole for any offense under Federal, State, or local law; or
 (B) is not a citizen of the United States or lawfully admitted for permanent residence, as defined in section 101(a)(20) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(20)); and
 (2) the person may flee or pose a danger to any other person or the community;
he shall order the detention of the person, for a period of not more than ten days, excluding

authorizes only a temporary detention for not more than ten days, and may not be extended to detention pending trial.

Subsection (d) is not limited to aliens, but also permits temporary detention of persons on parole, probation, or release pending trial, sentence, or appeal. Its purpose is to give the Government time to notify the pertinent authority, who may wish to take the detained person into custody by revoking his conditional release or, in the case of an alien, may wish to deport him. If the appropriate official "fails or declines to take the person into custody during [the ten-day] period, the person shall be treated in accordance with the other provisions of this section, notwithstanding the applicability of other provisions of law governing release pending trial...."[5] This language makes clear that an order of temporary detention does not preclude separate consideration of detention pending trial under Subsection (e). That subsection serves a different purpose, and its conditions are more stringent.[6]

No transcript was made of Becerra-Cobo's initial hearing, and neither party requested a continuance. The parties differ on whether the Government initially requested detention under both Subsections (e) and (d) or whether, as Becerra-Cobo asserts, the Government invoked only Subsection (d). The magistrate found, based on the attorneys' assertions and his own recollection, that the Government had invoked both.

 The magistrate's recollection cannot be tested absent any record, but, even if detention pending trial was not sought at the February 5 hearing, we hold that the Government's request was timely when made within ten days at the later hearing, which was the first hearing before a judicial officer other than the temporary detention hearing.

This conclusion is based on our reading of the statute as a whole, considering the interplay of Sections (d), (e), and (f). It is consistent with the interpretation of the

---

Saturdays, Sundays, and holidays, and direct the attorney for the Government to notify the appropriate court, probation or parole official, or State or local law enforcement official, or the appropriate official of the Immigration and Naturalization Service. If the official fails or declines to take the person into custody during that period, the person shall be treated in accordance with the other provisions of this section, notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings. If temporary detention is sought under paragraph (1)(B), the person has the burden of proving to the court that he is a citizen of the United States or is lawfully admitted for permanent residence.

5. 18 U.S.C. § 3142(d) (Supp. II 1984).

6. (e) Detention.—If, after a hearing pursuant to the provisions of subsection (f), the judicial officer finds that no condition or combination or conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, he shall order the detention of the person prior to trial. In a case described in (f)(1), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if the judge finds that—

(1) the person has been convicted of a Federal offense that is described in subsection (f)(1), or of a State or local offense that would have been an offense described in subsection (f)(1) if a circumstance giving rise to Federal jurisdiction had existed;
(2) the offense described in paragraph (1) was committed while the person was on release pending trial for a Federal, State, or local offense; and
(3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1), whichever is later.
Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person was required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), section 1 of the Act of September 15, 1980 (21 U.S.C. 955a), or an offense under section 924(c) of title 18 of the United States Code.

District of Columbia Circuit [7] and the Seventh Circuit.[8] The District of Columbia court reasoned that a temporary detention under subsection (d) would qualify as "good cause" under Subsection (f) to continue the detention hearing for up to ten days. It upheld the detention even though no continuance had been sought, but recommended that, in the future, the government seek a continuance on this ground at the temporary detention hearing if it does not take the preferable course of requesting detention pending trial at that initial hearing. Although the District of Columbia court relied upon a more explicit provision of the D.C.Code, from which the Bail Reform Act was drawn, the Seventh Circuit adopted its rationale and reached the same result, albeit without substantial discussion.

Becerra-Cobo relies on *United States v. Angiulo,*[9] and *United States v. Payden.*[10] *Payden* is distinguishable because it did not involve temporary detention under Subsection (d): the government simply failed to request detention at the defendant's first appearance. In *Angiulo* the First Circuit decided only that the Bail Reform Act applied to a person who had already been charged and incarcerated at the time the Act took effect. In discussing that question, the court rejected the defendant's argument that a detention hearing could not have been held "immediately" if he was charged before the Act became effective, noting that "the object of § 3242(f) ... is to guarantee a speedy bail determination, to prevent the magistrate or judge from ordering the defendant temporarily detained (*see* 18 U.S.C. § 3142(d)), and then holding the key 'detention' hearing at *some*

*much later time.*"[11] The court relied on Senate Report No. 225, 98th Congress, 1st Session (1983), U.S.Code Cong. & Admin. News 1984, p. 3182 as authority for this statement. That Report refers only to the general need for a speedy hearing without mention of a Subsection (d) temporary detention. *Angiulo,* therefore, confronted a different issue, and we decline to rest our interpretation of the statute as a whole on the dicta that Becerra-Cobo quotes.

In the only other case in which a Court of Appeals has mentioned the relationship between sections (d), (e) and (f), *United States v. Al-Azzawy,*[12] the Ninth Circuit discussed *Angiulo,* and implied that any continuance beyond the ten-day temporary detention—even the five day continuance contemplated by Subsection (f)—would probably violate the statute. The court appears to have assumed that a delay during the initial temporary detention period would have been permissible. The court did not decide that question, however, because the month-long delay in that case violated even the most permissive interpretation of the Act.[13]

■ The circuit courts that have considered the time limits imposed by the Act uniformly interpret them strictly.[14] As a rule, the better practice would be for the government to request detention under both Subsections (d) and (e) at the initial hearing, or at least to request a continuance under Subsection (f), in compliance with the plain language of the statute. However, when the government is entitled to obtain a temporary ten-day detention under Subsection (d), and within that time,

**7.** *United States v. Alatishe,* 768 F.2d 364, 368–69 (D.C.Cir.1985).

**8.** *United States v. Lee,* 783 F.2d 92, 94 (7th Cir.1986).

**9.** 755 F.2d 969 (1st Cir.1985).

**10.** 759 F.2d 202 (2d Cir.1985). *See also United States v. Hurtado,* 779 F.2d 1467, 1473–77 (11th Cir.1985).

**11.** *Id.* at 972 (emphasis added).

**12.** 768 F.2d 1141, 1145–46 (9th Cir.1985).

**13.** *Id.* at 1146.

**14.** *See, e.g., United States v. Delker,* 757 F.2d 1390, 1394 (3d Cir.1985); *United States v. Payden,* 759 F.2d 202, 204 (2d Cir.1985); *United States v. Al-Azzawy,* 768 F.2d 1141, 1145 (9th Cir.1985); *United States v. Hurtado,* 779 F.2d 1467, 1474 (11th Cir.1985).

a hearing is held to determine whether detention is necessary pending trial, the defendant has not suffered any additional loss of liberty or impairment of his rights,[15] and the delay does not offend the overall statutory scheme. Whether detention pending trial will be necessary may not be known until parole or INS officials have been notified during the temporary detention period. Patently, it is in situations when temporary detention is not warranted that the need for an immediate determination, as required by subsection (f), is essential. The Senate Report, *supra,* notes that the brief periods permitted for a continuance by Subsection (f) are intended to limit the time the defendant is kept in custody before a hearing.[16] When detention is authorized by a different provision of the Act, the urgency is mitigated. Two circuits have adopted this interpretation, a third has done so implicitly, and, despite dicta to the contrary in *Angiulo,* none has reached the opposite result.

We conclude that detention of a person who has not been admitted for permanent residence pending trial need not be demanded at the first temporary detention appearance so long as it is demanded at the first appearance of the defendant for any other purpose and that hearing is held within the ten day period of the initial temporary detention.

For these reasons, the judgment is AFFIRMED.

---

**15.** *Cf. United States v. Fortna,* 769 F.2d 243, 249 (5th Cir.1985).

**16.** S.Rep., *supra,* at 22, U.S.Code Cong. & Admin.News 1984, p. 3205.