**UNITED STATES of America, Plaintiff,**

v.

**Ruben Roman COLTON, Defendant.**

Crim. No. 89–249.

United States District Court,
D. Puerto Rico.

Nov. 3, 1989.

Janet Mercado, Asst. U.S. Atty., Daniel F. Lopez Romo, U.S. Atty., San Juan, P.R., for plaintiff.

Federal Public Defender, San Juan, P.R., for defendant.

### OPINION AND ORDER

FUSTE, District Judge.

Defendant Rubén Román Colton asks this court to grant his motion to suppress a confession given by him, as well as evidence procured as a result of the confession. Defendant argues that the three-day delay between his arrest and appearance before a magistrate rendered his confession involuntary and therefore inadmissable. The facts are as follows. Defendant was arrested close to 4:30 P.M. on Friday, July 21, 1989.[1] He was detained the entire weekend without bail in the State Penitentiary on a temporary commitment order signed by a U.S. Magistrate at his home.[2]

---

1. The original criminal complaint submitted by the U.S. Attorney on July 24, 1989 charged the defendant with a violation of 18 U.S.C. §§ 500, 2115 in that he forcibly entered a pharmacy and took thirteen blank U.S. Postal money orders and a money order imprinter.

2. Bail seems like a preferred alternative to detention in arrests such as this. At least in this district, we see significant bail determinations in cases of this nature. When a situation like the one now being discussed occurs in this dis-

trict, and the arrest process brings the actors into late Friday afternoon, we are informed that it is a routine practice for law enforcement officers to obtain from the magistrate on duty a temporary commitment order without bail. These orders are on many occasions issued by the attending magistrates at home, without having had the benefit of input other than that of the law enforcement officers. Hearings are postponed until the following working day. If this is so, the designation of a magistrate on

On Monday morning, July 26, defendant was taken by the Postal Inspectors to their office for further processing. Once at the office, defendant stated to Postal Inspector Carrasquillo that he wanted to cooperate with the investigation. He expressed his fear of jail and further incarceration. He was also concerned that he would not be able to attend his daughter's birthday party the following day. The defendant confessed to the crime and told the inspectors where they would find other evidence. The Postal Inspectors did not bring him before a magistrate until 5:00 P.M., Monday afternoon. Thereafter, he remained free on bail.[3]

Rule 5, Federal Rules of Criminal Procedure, requires that an arrestee be taken before a magistrate without necessary delay. In addition, 18 U.S.C. Section 3501(c) provides that a confession obtained while a person is under arrest or detention shall not be rendered inadmissable solely because of a delay in bringing the prisoner before a magistrate so long as the confession was given within six hours of the arrest or detention.

The defendant here suffered approximately a 72–hour delay which is well outside the statutory guidelines. The passage of time alone, however, does not automatically render a confession inadmissable. It is the use and effect of that time that may influence the voluntariness of the confession; delay is only one factor to be considered in making this determination. *See* *U.S. v. Beltrán,* 761 F.2d 1 (1st Cir.1985). Because the defendant did not share with the court his version of the circumstances leading up to the confession,[4] we are in no position to rule on its voluntariness. We reserve a ruling on this issue in the context of an 18 U.S.C. Section 3501 hearing, outside the presence of the jury, at trial. We do find, however, that a mere lapse of time that exceeds the six-hour recommendation is not, in itself, enough to set aside a confession otherwise voluntarily offered. What we need to know is how, in the context of this case, the temporary detention affected the defendant. Therefore, at this time, we DENY defendant's motion to suppress WITHOUT PREJUDICE and reserve the issues for a voluntariness hearing to be held at a later date.

A Status Conference shall be held on November 9, 1989, at 9:00 A.M.

IT IS SO ORDERED.

---

duty may become a negation of the concept which requires that justice be always present irrespective of time or day. We are concerned whether the practice in this district as it has been described to us takes into consideration the practical realities in administration of justice which a flexible approach secures taking into consideration the circumstances of each particular case.

In the instant case, after having heard the testimony of the postal inspector which the government called as its only witness, we are concerned as to how the pretrial detention may have affected defendant's decision to confess to the charges and to turn in other physical evidence. This matter should be the object of evaluation by those concerned.

3. We note that until the hearing held this week, the temporary commitment order remained with the Postal Inspector. The same was never filed. Any person examining the file of this case would have been unable to account for the 72–hour commitment suffered by defendant.

4. We note that the testimony given in the suppression hearing could not have been used against the defendant at trial; therefore, a fear of self-incrimination should not have kept him from testifying.