UNITED STATES of America, Plaintiff,

v.

Hector Rafael MENDEZ HERNANDEZ, a/k/a Rafael Vazquez, Defendant.

Crim. No. 90–333 (JAF).

United States District Court, D. Puerto Rico.

Oct. 16, 1990.

Esther Castro, Asst. U.S. Atty., Daniel F. López–Romo, U.S. Atty., San Juan, Puerto Rico, for plaintiff.

Miguel Nogueras, Asst. Federal Public Defender, Gerardo Ortiz del Rivero, Federal Public Defender, San Juan, Puerto Rico, for defendant.

## ORDER

FUSTE, District Judge.

A criminal complaint was filed against defendant Héctor Méndez Hernández (a/k/a Rafael Vázquez) on September 25, 1990 charging him with violation of 8 U.S.C. section 1326.[1] Defendant is before the court on an appeal from the Detention Without Bail Order issued by Magistrate Schmidt–Monge on October 1, 1990. After conducting a hearing on October 15, 1990, we ordered the immediate release of defendant pending trial. Pursuant to 18 U.S.C. section 3142, defendant was released into the custody of his wife, Génova Maria Ortiz González, a U.S. citizen, subject to conditions specified under separate cover.

Because we are concerned with possible abuses in the initial stages of criminal proceedings relating to the pretrial detention of defendants, we wish to detail the facts of this case with the hope that the parties involved, prosecutors, defense counsel, Pre-trial Services, and the United States Magistrates will take note and correct procedures so as to follow both the "spirit" as well as the "letter" of the statutory provisions, thereby respecting the rights of those accused.

### I. Factual Background

The circumstances surrounding defendant's arrest are as follows. Defendant arrived at the offices of the Immigration and Naturalization Service (INS) on March 27, 1990 seeking an employment authorization. This court heard testimony by Juan Martinez, an INS official who stated that defendant, at the interview, admitted that he had been previously deported, had entered the United States using the name Rafael Vázquez, was married for almost two years to Mrs. Ortiz, a United States citizen, and that they maintained a residence in Hato Rey, Puerto Rico. Further, Mr. Martinez stated that defendant also told him that he was reporting to a probation officer as required by a prior order from this court.[2]

After the criminal complaint was filed on September 25, 1990, defendant was brought before Magistrate Schmidt–Monge on September 26, 1990. According to the minutes of the proceedings, neither a U.S. Attorney nor any counsel for defendant were present. From the minutes, defendant was brought before the Magistrate, interviewed by the Pretrial Services Officer, advised of the charges and his rights, and given a copy of the complaint. The defendant was committed pending a bail hearing on September 28, 1990 and a Preliminary Hearing was set for October 4, 1990.

On the same day, September 26th, the government made a motion under 18 U.S.C.

1. The pertinent section of the statute states:
[a]ny alien who (1) has been arrested and deported or excluded and deported, and thereafter (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; ... shall be guilty of a felony, and upon conviction thereof, be punished by imprisonment of not more than two years, or by a fine of not more than $1,000, or both.

2. On September 25, 1987, defendant pled guilty to a violation of 18 U.S.C. section 911, making a false claim of U.S. citizenship (Cf. Criminal 87–412 (JAF)) and was placed on probation for three years. It is ironic to note that, according to the Pretrial Services Report, defendant successfully completed probation on September 26, 1990, the same date as his initial appearance in the present matter.

section 3142(d) to temporarily detain defendant pending the detention hearing. This motion was granted by Magistrate Schmidt–Monge. The ground for this ruling is the wording of 18 U.S.C. section 3142(d)(1)(B) and 18 U.S.C. section 3142(d)(2) which allows judicial officers to detain persons for a period of not longer than ten days where the person is not a citizen or lawfully admitted for permanent residence and the person may flee.[3]

At the detention hearing on September 28, 1990, the testimonies of Mr. Martinez and Mrs. Ortiz were heard and the government presented its exhibits.[4] Magistrate Schmidt–Monge took the matter under advisement and on October 1, 1990 ordered defendant detained without bail. The Magistrate found that "there are no conditions or combination of conditions of release that may guarantee this defendant's appearance to further court proceedings, and is to be detained, without bond, until further order from this Court." Order of Detention Without Bail, p. 1. The Magistrate further ordered that, in accord with 18 U.S.C. section 3142(i)(2), to the extent practicable, the defendant be confined in a corrections facility separate "from persons awaiting or serving sentences or being held in custody pending appeal." It is from this order that defendant appealed to this court.

On October 4, 1990, a preliminary hearing was held before Magistrate Schmidt–Monge. The Magistrate found probable cause and ordered the defendant to answer to the grand jury of this district. On the same day the grand jury indicted the defendant on two counts, the first count being the violation of 8 U.S.C. section 1326, and the second count for knowingly making a false statement in a matter within the jurisdiction of a department or agency of the United States in violation of 18 U.S.C. section 1001. On October 11, 1990, defendant was arraigned before Magistrate Jesús Castellanos, where he entered pleas of not guilty as to both counts.

On October 15, 1990, after being detained for at least twenty days, this court heard the appeal of the detention hearing decision. Along with Mr. Martinez's testimony, as related above, we heard from Mrs. Ortiz, who stated that she is legally married to the defendant and is willing to assume the role of third-party custodian for the defendant and will assure defendant's presence at future legal proceedings. Also submitted for the court's consideration was a written Pretrial Services Report entitled *Amendment to Oral Report* and dated October 15, 1990, at 8:30 A.M., exactly one-half hour before the scheduled hearing. The report found that defendant admitted having family ties in the District of Puerto Rico, was found to be a moderate risk of flight, and that his wife had indicated her willingness to serve as third-party custodian. Contrary to the recommendation made to the magistrate, the Pretrial Services officer therefore recommended release to a qualified third-party custodian, a cash or secured bond, and Pretrial Services supervision.

## II. *Discussion*

■ A review of the documents in this case reveals what seems to be a pro-forma approach to the initial stages of a criminal prosecution resulting in the unnecessary detention of an arrestee for three weeks. All of the facts stated above show that Mr.

---

**3.** Although section 3142(f) provides that a detention hearing "shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance," [footnote omitted], "when a defendant has been temporarily detained under section 3142(d)," (in this case due to the fact that the arrestee is neither a citizen nor a permanent resident) "courts have not construed the 'first appearance' requirement of section 3142(f) as requiring that a section 3142(f) hearing be held at the defendant's first appearance before a judicial officer when temporary detention was ordered." *Unit-* ed States v. Vargas, 804 F.2d 157, 160 (1st Cir. 1986), *see United States v. Becerra–Cobo,* 790 F.2d 427, 430 (5th Cir.1986). Here the government followed correctly the procedure involving temporary detention and asked for a three-day continuance in which to prepare the presentation of evidence for the detention hearing.

**4.** Among the exhibits were Mr. Méndez's records pertaining to his prior deportation, copies of the prior proceedings before this court, his passport, and the employment authorization card.

Méndez is not the type of arrestee who needs detention in order to assure attendance at trial or to protect any other person or the community, the rationales which are the grounds under 18 U.S.C. section 3142(e) to order detention. The INS officials and the U.S. Attorney were aware of defendant's family ties to Puerto Rico. Mr. Méndez also related that he was reporting to his probation officer as required by our previous order. Further, the fact that the "amended" Pretrial Services report itself recognizes this fact and recommends release adds to the sense that the attorneys for the parties, Pretrial Services, and the U.S. Magistrates, all governmental entities, are creating a de facto "presumption" of detention and are not adequately following the mandates of the statutory scheme laid out in the Bail Reform Act of 1984, 18 U.S.C. §§ 3141 *et seq.*

In *United States v. Salerno,* 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987), Chief Justice Rehnquist commented on the limitations imposed by 18 U.S.C. section 3142(g) on a judicial officer making the detention determination.

> The judicial officer is not given unbridled discretion in making the detention determination. Congress has specified the considerations relevant to that decision. These factors include the nature and seriousness of the charges, the substantiality of the Government's evidence against the arrestee, the arrestee's background and characteristics, and the nature and seriousness of the danger posed by the suspect's release.

481 U.S. at 742–43, 107 S.Ct. at 2099. The purpose of this type of detention is "regulatory" and therefore "does not constitute punishment before trial in violation of the Due Process Clause." *Id.* at 748, 107 S.Ct. at 2102. In order to protect the arrestee's liberty interest, before a person can be detained,

> [t]he Government must first of all demonstrate probable cause to believe that the charged crime has been committed by the arrestee, but that is not enough. *In a full-blown adversary hearing,* the Government must convince a neutral decisionmaker by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any person. 18 U.S.C. § 3142(f).

481 U.S. at 750, 107 S.Ct. at 2103 (emphasis added). All of the due process safeguards, right to counsel at the hearing, to testify on one's own behalf, to present information by proffer or otherwise, and to cross-examine witnesses who appear at the hearing, are statutorily guaranteed to the arrestee. *Id.* at 751, 107 S.Ct. at 2103–04. Built in is also the government's and defendant's right that the matter of bail be aggressively handled with expediency and with all deliberate speed, in order to secure a prompt and fair decision consistent with the presumption of innocence. The government must prove its case by clear and convincing evidence, section 3142(f), and the judicial officer must make written findings of fact and a written statement of reasons for a decision to detain. Section 3142(i). Appeal to the district court of the detention is also expedited. Section 3142(c).

■ All of these provisions of section 3142 have as their end the detention of those arrestees awaiting prosecution who, because of the seriousness of the crime or because of the potential threat to others in the community, should be detained pending trial. However, if the process is subverted by turning adversarial proceedings into a species of routine, "administrative"-type hearings where the statutory language is quoted by the government, facts specifically relating to the defendant's condition which would rebut the statutory language are not adequately presented by defense counsel nor acknowledged by the government, adequate reports to guide the judicial officer are not prepared by Pretrial Services, and the Magistrates rule for detention regardless of the quantum and quality of the evidence before them, then arrestees' due process rights are being violated and the mandate of the statute is being ignored. We simply will not accept such a subversion of a Congressionally-mandated procedure.

**850**

### III. *Conclusion*

Let what has been said above serve as a warning that this court will not tolerate this type of abuse in the administration of justice in the District of Puerto Rico.[5] We expect that the provisions of 18 U.S.C. section 3142 will be administered according to both the spirit and the letter of the law and sanctions will lie for whosoever fails to heed this warning.

Therefore, pursuant to 18 U.S.C. section 3142(c), we ORDER the immediate release of Mr. Méndez to the custody of his wife, Mrs. Ortiz, who agrees to assume supervision and to report any violation of his release conditions to the court and to assure that Mr. Méndez will appear in future judicial proceedings. Further, we order that Mr. Méndez report to his Pretrial Services officer daily and limit his leaving home to such Pretrial Services visits and for purposes of employment.

IT IS SO ORDERED.

---

5. *See United States v. Rubén Román Colton,* 726 F.Supp. 890 (D.P.R.1989), where a detainee spent a weekend without bail at the Puerto Rico State Penitentiary on a temporary commitment order signed by a judicial officer at his home without having had the benefit of looking into the particular circumstances of the detention.