UNITED STATES of America,
Plaintiff-Appellee,

v.

Raul FERNANDEZ–ALFONSO,
Defendant-Appellant.

No. 86–1331.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 1987.

Decided April 9, 1987.

Thomas Green, Las Vegas, Nev., for plaintiff-appellee.

Kevin M. Kelly, Las Vegas, Nev., for defendant-appellant.

Before FLETCHER, WIGGINS and BRUNETTI, Circuit Judges.

PER CURIAM:

Defendant Raul Fernandez-Alfonso appeals from the district court's pretrial detention order entered under the Bail Reform Act of 1984 (Act), 18 U.S.C. § 3142. Fernandez-Alfonso contends that the thirty day delay between his motion for review of the magistrate's detention order and the district court hearing violated the requirement under section 3145(b) that the district court determine the motion "promptly." On the facts of this case, we agree that thirty days was not prompt. For the reasons set forth below, we reverse the district court's order and remand to the district court to impose appropriate conditions of release pursuant to section 3142(c).

FACTS

Fernandez-Alfonso was arrested by federal agents on September 8, 1986. On September 10, a federal grand jury named Fernandez-Alfonso and seven codefendants in a fifteen count indictment charging them with conspiracy to distribute cocaine and engaging in a continuing criminal enterprise in connection with a large cocaine distribution network. On September 15, the United States Magistrate conducted a detention hearing and, finding that no condition or combination of conditions would reasonably assure Fernandez-Alfonso's appearance at future court proceedings, entered a written order that Fernandez-Alfonso be detained pending trial. On September 24, Fernandez-Alfonso filed with the

district court a motion to amend or revoke the detention order pursuant to 18 U.S.C. § 3145(b). On October 15, the Government filed its response. The motion did not come to the district court judge's attention until October 22, at which time the court immediately set the matter for hearing on October 24. The district court filed the detention order on October 28, finding that Fernandez-Alfonso posed a risk of flight and that no condition or combination of conditions of release would reasonably assure his appearance at future court proceedings, and committed Fernandez-Alfonso to custody pending trial. This appeal followed.

### TIMELINESS OF REVIEW

Section 3145(b) of the Act provides that "[i]f a person is ordered detained by a magistrate, ... the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." The statute neither defines "promptly" nor specifies the appropriate remedy for a defendant who is deprived of his right to a prompt review. Likewise, the Local Rules of Practice of the United States District Court for the District of Nevada provide no guidance. We therefore look to legislative intent to interpret the requirement of promptness.

The Act's procedural safeguards serve the important purpose of protecting the liberty interests of presumably innocent pretrial detainees. *United States v. Al-Azzawy*, 768 F.2d 1141, 1145 (9th Cir.1985). In enacting the provisions for pretrial detention under the Act, "Congress recognized the severe deprivation of the liberty of one not yet proven guilty, and therefore presumed innocent, who is detained prior to trial. As a result of this recognition, it took great care to set up adequate procedural safeguards so as to guarantee fairness to those against whom pretrial detention is sought." *United States v. Hurtado*, 779 F.2d 1467, 1484 (11th Cir.1985)

(Clark, J., concurring in part and dissenting in part). The legislative history of section 3145(b) reveals that the addition of a time mandate, or "promptness" requirement, was "designed ... to facilitate speedy review if relief is to be effective." S.Rep. No. 98–225, 98th Cong., 2d Sess. 1, 29 n. 92, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3212 n. 92. Effective review of pretrial detention orders necessarily entails a speedy review in order to prevent unnecessary and lengthy periods of incarceration on the basis of an incorrect magistrate's decision. Based on similar concerns, we have required strict adherence to time limits for continuances under the Act. *Al-Azzawy*, 768 F.2d at 1145. Other circuit courts that have considered the time limits imposed by the Act likewise interpret them strictly. *See United States v. Becerra-Cobo*, 790 F.2d 427, 430 (5th Cir.1986); *United States v. Payden*, 759 F.2d 202, 204 (2d Cir.1985) (government's failure to move for pretrial detention at defendant's first appearance invalidated subsequent detention order).

■ On the facts of this case, we find that the thirty day delay violated section 3145(b). In addition to the importance of the Act's timeliness requirements, several other factors support the conclusion that thirty days in this case was not "prompt" within the meaning of the statute. The district court's informal practice of holding pretrial hearings within two or three days illustrates the priority usually afforded these hearings and underscores the position that effectiveness demands timeliness.[1] Furthermore, both parties concede that the thirty day delay occurred inadvertently, presumably due to an oversight by the district court, rather than through any fault of the parties. The delay was not caused by any legitimate concerns pertinent to the protection of Fernandez-Alfonso's rights, such as the parties' need to sort out the facts prior to a thorough district court review. *Cf. United States v. Melendez-Carrion*, 790 F.2d 984, 991–992 (2d Cir.

---

**1.** We do not determine today that permissible outer limits of section 3145(b)'s promptness requirement. We decide only that, under the circumstances of this case, thirty days was not "prompt."

1986) (continuance to obtain witnesses and interpreters and to interview defendants prior to magistrate's pretrial detention hearing is proper). Under these circumstances, the thirty-day period between Fernandez-Alfonso's motion for review and the district court's resolution of the matter cannot be characterized as a legitimate time interval within an otherwise prompt determination process.

The Government argues that Fernandez-Alfonso is not entitled to any relief because he was not prejudiced: the district court affirmed the magistrate's detention order, and would have presumably done so even if it had heard the matter promptly. The government relies on language in *Al-Az-zawy* which arguably implies that only a "material" violation of the statutory time constraints (i.e., a violation resulting in prejudice to the defendant) precludes pretrial detention. *Al-Azzawy*, 768 F.2d at 1145; *see also United States v. Malekza-deh*, 789 F.2d 850, 851 (11th Cir.1986) (materiality issue raised but not addressed). We do not find this argument to be persuasive. To imply an additional "materiality" or prejudice condition would effectively remove the promptness requirement from the statute, because those defendants whose detention orders are affirmed by the district court would find it difficult to show actual prejudice due to the delay.

### REMEDY

Because we conclude that the review of Fernandez-Alfonso's detention order was not prompt within the meaning of 18 U.S.C. § 3145(b), we remand to the district court to impose appropriate conditions of release in accordance with section 3142(c). *See Al-Azzawy*, 768 F.2d at 1142. The remedy of conditional release for a section 3145(b) violation, however, raises issues that merit discussion.

At the outset, we note that the failure to conduct a review promptly was a consequence of court inadvertence. Such an error does not justify the imposition of a penalty on the government or a reward for the defendant. And yet, an unconditional release because of the delayed review of the defendant's motion would produce that unjustified result here.

Furthermore, had the review hearing been prompt, Fernandez-Alfonso would have remained incarcerated because the district court concluded after a de novo hearing that detention was proper. This fact suggests unconditional release to be improper. We are also mindful of the policy implications of our remedy. Although the Bail Reform Act's procedural safeguards serve to protect the accused's liberty interests, societal interests in bringing defendants to trial and in preventing flight also counterbalance those concerns. *See generally United States v. Abrahams*, 575 F.2d 3 (1st Cir.), *cert. denied*, 439 U.S. 821, 99 S.Ct. 85, 58 L.Ed.2d 112 (1978). In this case, the holding that thirty days violates the promptness requirement of section 3145(b) addresses the former concern; the remedy of conditional rather than unconditional release addresses the latter.

In remanding to the district court to impose conditions of release, we recognize that the district court has previously found that no condition or combination of conditions exist that will reasonably assure Fernandez-Alfonso's appearance at future proceedings. The district court made this finding in addressing the issue of whether the defendant was to be released conditionally or detained. It concluded that detention was proper. Our reversal of that determination necessarily changes the issue to be resolved by the district court on remand. The release of the defendant is mandated. However, the district court must consider those conditions, apart from detention, that should be imposed to make more likely the appearance of the defendant at subsequent court proceedings. Section 3142(c) enumerates several possibilities, including remaining in the custody of a court-designated person, reporting regularly to a pretrial service agency, and complying with a specified curfew. Should the district court impose such conditions and Fernandez-Alfonso fail to comply with them, the Government could seek revocation of release and an order of detention

under 18 U.S.C. § 3148. *Al-Azzawy*, 768 F.2d at 1148 (Farris, J., concurring).

The reasonableness of this instruction on remand is evident: the defendant secures his release as a sanction for the failure to review promptly the order of his detention; the Government may present evidence that conditions of release are appropriate.

The district court's order is REVERSED and the case is REMANDED for proceedings consistent with this opinion.

BRUNETTI, J., concurs in the result of this opinion. He will file a separate concurring opinion.