**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gonzolo GONZALES,
Defendant–Appellant.**

No. 88–3149.

United States Court of Appeals,
Ninth Circuit.

July 28, 1988.

Before ALARCON, POOLE, and O'SCANNLAIN, Circuit Judges.

ORDER

Gonzolo Gonzales' emergency motion for bond pending trial is denied. On March 18, 1988, after an evidentiary hearing, a magistrate in the Central District of California ordered Gonzales detained pending trial on the grounds that his release would pose danger to the community and that he was a flight risk. On March 21, 1988, Gonzales was taken to the Western District of Washington. On April 19, 1988, Gonzales was arraigned on an indictment returned in the Western District of Washington. On that date, a magistrate ordered that he be detained pursuant to 18 U.S.C. § 3145(b) because he was a danger to the community and a flight risk. On May 19, 1988, Gonzales appealed the detention order to the district court for the Western District of Washington.

The motion was scheduled for hearing on May 27, 1988. Section 3145(b) requires that a motion for the revocation of a detention order "shall be determined promptly." Through inadvertence, however, the hearing on the motion for revocation was not conducted until June 24, 1988. The motion was denied. Eleven days later, on July 5, 1988, Gonzales filed an appeal to this court. Eight days later, on July 13, 1988, Gonzales filed an application for a stay of the trial date set for July 18, 1988. On the same date, the Government was given 7 days to respond to the motion for a stay.

Gonzales contends that the district court's failure to act on his motion for revocation for 36 days violated his right to have his motion heard promptly as required by Section 3145(b). Section 3145(b) does not define "promptly" nor does it provide a sanction or remedy for failure to provide timely review. *United States v. Fernandez–Alfonso*, 813 F.2d 1571, 1572 (9th Cir. 1987).

In *Fernandez–Alfonso*, we held that a thirty-day delay "violates the promptness requirement of Section 3145(b)." *Id.*, at 1572. In *Fernandez–Alfonso*, we determined that conditional release would be an appropriate remedy for a violation of the promptness requirement. In *Fernandez–Alfonso*, however, we were not faced with a finding by the district court and two magistrates that release of the defendant would pose a danger to the community. The district court in *Fernandez–Alfonso* determined that the accused posed a risk of flight. *Id.* Thus, contrary to Gonzales' claim in his brief in this matter, we did not hold in *Fernandez–Alfonso* that conditional release of a defendant is an appropriate remedy "notwithstanding the finding[ ] of danger." We believe it would be contrary to Congressional intent and the interests of society to release an individual who poses a danger to the safety of the community. Release of a person who may not appear for trial means that he may go unpunished for *past* behavior. This result penalizes the district court for its misdeed without placing society at risk. Release of a person who is a danger to the community, however, may result in the commission of future crimes against innocent persons. We decline to extend *Fernandez–Alfonso* to a case involving a finding of danger to the community.

Gonzales seeks only his conditional release pending trial. Thus, whether there are other remedies for a district court's failure to determine promptly a motion for revocation of a detention order when the defendant poses a danger to the community is not before this court.

The emergency motion for bond pending trial is DENIED. The application for stay pending disposition of the emergency motion for bond pending trial is DENIED.

POOLE, Circuit Judge, dissenting.

Under circumstances very similar to those presented by Appellant Gonzales, our circuit decided in *United States v. Fernandez–Alfonso*, 813 F.2d 1571 (9th Cir.1987), that the Bail Act provisions in 18 U.S.C. § 3145(b) impose a strict requirement that a motion for review of an order entered by a Magistrate imposing Pre–Trial detention "shall be determined promptly," and that that section means what it says. We held in that case that the failure of a district court to comply with the promptness feature mandates corrective action by us. Such is the case before us now. The district court has not "determined promptly" Gonzales' motion for review; in fact the court seemed unaware of any necessity for prompt action or of the teaching of *Fernandez–Alfonso* and, accordingly, paid no attention to that decision. Properly, we have a duty to salvage what we can of the principle that the review of a detention order is a matter that must be acted upon with expedition.

Gonzales was arrested in the Central District of California on March 11, 1988, on a complaint issued out of the Western District of Washington charging him with conspiracy to distribute cocaine. He appeared before a Magistrate in Los Angeles and after a detention hearing[1] on March 18 was ordered detained without bail. He was removed, in custody, on March 21 to the Western District of Washington pursuant to an indictment returned by the grand jury. On April 19, he was arraigned on the indictment before a Magistrate who simply adopted the Los Angeles detention order based upon a Los Angeles Pre–Trial Services Report.

On May 17 present counsel for appellant served a motion for revocation of the de-

---

**1.** The function of a pre-removal detention hearing is, of course, to determine whether the arrestee shall be released to bail or summons pending his return to the district where the charge orginated.

tention order and for the setting of bail. A few days later, counsel inquired of the court setting clerk how the hearing might be expedited, and was told that that was up to the assigned judge. The district court took no action, although it "noted" the pendency of the motion on May 27.

No bail hearing was provided until June 24, 1988, some 38 days after the motion had been filed. On that day, the district court denied bail. When *Fernandez–Alfonso* was brought to his attention, the judge concluded that that case was "distinguishable" and hence not binding. The court relied heavily on the Los Angeles pre-removal detention order and also adverted to the fact that the co-defendants had filed "some 30–plus motions." Finally, the district judge said:

I have tried to conjure up in my mind a set of conditions that I felt would reasonably assure the defendant's appearance at trial and have done some work trying to do that and have been unable to assure myself that I could fulfill my responsibility to the community if I were to release the defendant.

The judge stated that he had contacted a Half–Way House but found that in that setting the defendant could come and go; that he had considered electronic surveillance, but found it was not available in the district, and anyhow, he did not consider such restraint to be effective. He said that the Drug Enforcement Agency and agents of the Federal Bureau of Investigation had declined to accept custody of the defendant because of their manpower shortage. Finally, he noted that a *co-defendant* was a fugitive; that major quantities of cocaine were involved; and that there was evidence of recorded conversations in which purportedly the appellant had discussed narcotics transactions.

By order filed June 29, 1988, the district court denied the motion, finding that

no condition or combination of conditions would reasonably assure the appearance of the defendant and the safety of the community because (1) the court finds by clear and convincing evidence that defendant has been a dealer of substantial quantities of cocaine over a lengthy period of time and therefore possesses a serious danger to the community. (2) Defendant's bail proposal is wholly disproportionate to the seriousness of the offense and danger of flight. This is particularly true given the duration of defendant's ties to the country and his origin in Columbia.

Except as set forth above, the district court neither considered nor mentioned the 14 conditions prescribed in 18 U.S.C. § 3142. Aside from boiler-plate references to the charges and to the FBI/DEA and Half–Way House unavailability, the district court's bare conclusions provide no meaningful consideration of the statutory requirement that the denial of bail be based upon facts sufficient to support the detention and capable of meaningful review by this court.

On July 5, 1988, Gonzales appealed to this court from the district court order. Apparently the appeal was not acted upon at this level until July 13 when an order was issued granting the government seven days in which to file a response to appellant's emergency Motion for Bond Pending Trial, along with an application for a stay. Although the trial had by then been set to commence on July 18, this court was not so advised. The trial did commence as scheduled, and we are informed, will probably conclude within a week.

It is now suggested that because the trial has begun, no relief is possible. That is not correct. Given the untoward neglect in attending to the urgency of such a motion, our decision in *Fernandez–Alfonso* still calls for prompt ameliorative action even though the trial has begun. We should not allow this record of inattention to justify doing nothing. Accordingly, I would enter a stay of the ongoing trial and would remand to the district court with clear instruction for that court to conduct a meaningful hearing pursuant to 18 U.S.C. § 3142, and to take appropriate action notwithstanding that the trial has commenced. Such hearing should develop facts, not merely conclusions, as to whether there exist no reasonable conditions, short of de-

tention, which would assure against flight or danger to any person or to the community. I find it unacceptable that the statutory mandate of promptness should be ignored; that the right of bail accorded by the Constitution and regulated by the Bail Act should simply be denied to an unfavored defendant; and that we should allow ourselves to stand helplessly by. Requiring the district court to now do what it should have done before does not guarantee that the defendant will be released from detention, for we still must respect a proper finding pursuant to Rule 52 of the Federal Rules of Civil Procedure. But such action by us would reaffirm for all to witness, that the protections of the Constitution and of the Bail Act are really important to the administration of justice and not to be taken lightly. Courts and judges, including our own, not infrequently, need to be so reminded.