**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tommy Ward BARKER,**
**Defendant–Appellant.**

No. 89–1310
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 3, 1989.

John M. Hurley, Waco, Tex. (court-appointed), for defendant-appellant.

**476**

LeRoy Morgan Jahn, Asst. U.S. Atty., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GEE, WILLIAMS, and, HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Tommy Ward Barker was indicted for conspiracy to possess methamphetamine with intent to distribute, a violation of 21 U.S.C. § 846. At the time of his arrest, Barker was out on parole after serving less than one year of a ten-year state court conviction for possession of a controlled substance. After a detention hearing, a magistrate ordered Barker detained without bond. The magistrate continued the detention order after reopening the hearing for further evidence. The magistrate found that Barker posed a significant threat to the community and a significant risk of flight. Barker then filed a motion seeking revocation of the detention order in the district court. The district court denied the motion for revocation after an evidentiary hearing. Barker appeals. We affirm, concluding that the district court did not abuse its discretion and rejecting the argument that an otherwise properly detained defendant should be automatically released if the district court fails to act promptly on a motion to revoke a magistrate's detention order.

"[W]e must uphold the district court's order 'if it is supported by the proceedings below,' a narrow standard of review that we recently equated to the abuse of discretion standard." *United States v. Jackson*, 845 F.2d 1262, 1263 (5th Cir.1988); *see also United States v. Hare*, 873 F.2d 796 (5th Cir.1989) (same standard applies on appeal from refusal to revoke detention order). Pretrial detention is authorized where release will not "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). If a judicial officer finds probable cause to believe the defendant committed a violation of the Controlled Substances Act carrying a maximum sentence of ten years or more, a presumption arises that the defendant will present a flight risk and a danger to the community. *Id.* Upon presentation of evidence by the defendant, this presumption does not disappear, but remains in the case to be considered by the court. *See United States v. Hare, supra.* Nevertheless, the presumption shifts to the defendant only the burden of producing rebuttal evidence, and not the burden of persuasion. *Id.*

In this case, the government was entitled to the benefit of the presumption. The district court was also allowed to consider the fact that Barker was arrested while on parole from the state law conviction. 18 U.S.C. § 3142(g)(3)(B). Further, the government produced evidence suggesting that Barker had been dealing in drugs since his release from prison.

Barker points out that some of the testimony presented to the magistrate was later admitted by the government to be inaccurate. One agent admitted to the district court that he had incorrectly stated at the previous hearing that a confidential informant told him Barker had continued dealing drugs after his release from prison. The agent indicated to the district court that this conclusion was more properly characterized as an inference from what Barker had told the informant. The district court was fully aware of the inaccurate government testimony at the first hearing. We find no basis for concluding that the district court abused its discretion in refusing to vacate the detention order on this ground.

Barker produced three items of evidence in support of his release. First, Barker's father testified that Barker had held a good job since his release from prison, and that he did not believe Barker would pose a risk of flight or a danger to the community. The district court could discredit this testimony on the basis of the witness's relationship to his son. Further, the father admitted on cross-examination that he did not know any of Barker's friends. Second, Barker offered a letter from an Austin

attorney who had represented him previously, stating that Barker had been a model prisoner. In rebuttal, a government witness testified that the attorney was also involved in the same investigation that led to Barker's arrest, though he had not yet been indicted. Finally, Barker offered a letter from one of his current employers, indicating that Barker's work performance had been satisfactory since his release from prison. A government witness responded that Barker's other employer, the husband of the letter writer, had admitted to obtaining cocaine from Barker in the past. Barker's evidence is insufficient to conclude that the district court abused its discretion in affirming the magistrate's detention order, especially considering the statutory presumption at work in this case.

■ Barker also asks for release on the ground that the district court failed to rule "promptly" on the motion for review of the magistrate's detention order, as required by the statute. 18 U.S.C. § 3145(b). Barker filed his motion on January 13, 1989. The district court held a hearing on February 3, but did not rule on the motion until March 22. The statute does not define "promptly," nor does it provide a sanction for failure to meet this requirement. In contrast, the Speedy Trial Act contains both definite time limits and specific sanctions for failing to meet those limits, suggesting that Congress will provide appropriate remedies for violations of procedural rules when it sees fit. *See* 18 U.S.C. §§ 3161, 3162. The en banc Fourth Circuit has recently held that "in cases where the requirements of the Bail Reform Act are not properly met, automatic release is not the appropriate remedy." *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir.1989) (en banc). While the Ninth Circuit has concluded that release constitutes an appropriate remedy for violations of § 3145(b), *see United States v. Fernandez-Alfonso*, 813 F.2d 1571, 1573–74 (9th Cir. 1987), it has refused to apply that remedy in cases like this one where the defendant was found to pose a danger to the community. *United States v. Gonzales*, 852 F.2d 1214, 1215 (9th Cir.1988). In light of the statutory presumption and lower court

finding that Barker's release would endanger the community, we refuse to order such a remedy in this case. Assuming without deciding that the district court was not prompt in ruling on the petition to review the magistrate's detention order, this delay alone is not sufficient in these circumstances.

AFFIRMED.