**UNITED STATES of America**

**v.**

**Frank REMO, a/k/a/ "Big Daddy".**

**CRIM. No. 1:91–CR–2(12).**

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 5, 1991.

J.M. Bales, Asst. U.S. Atty., Beaumont, Tex., for plaintiff.

Kent W. Johns, Beaumont, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

The defendant, Frank Remo, A/K/A "Big Daddy" (Remo), has filed a motion to vacate the detention order entered June 10, 1991 by United States Magistrate Judge George A. Kelt, Jr.. For the reasons set forth below, Remo's motion is denied.

## I. THE INDICTMENT

Remo is named in two counts of a thirteen defendant, twenty-one count indictment now pending in this court. Many of Remo's co-defendants have plead guilty and agreed to testify for the government. Some of Remo's co-defendants have already been sentenced, one to a term of 120 months in the custody of the Federal Bureau of Prisons.

Count one of the third superseding indictment charges Remo with a violation of 21 U.S.C. § 846, that he conspired with his twelve co-defendants to possess and distribute cocaine from 1988 through January 1991. A conviction for a violation of § 846 carries a statutory term of imprisonment of from ten (10) years to life and a fine not to exceed $4,000,000.00.

Count twenty of the same indictment charges Remo with a violation of 21 U.S.C. §§ 843(b), 846, and 18 U.S.C. § 2. In this count Remo is alleged, on or about December 20, 1990, to have used a telephone to facilitate the distribution of cocaine. Remo faces imprisonment for up to four (4) years on this count and a maximum fine of $250,000.00.

## II. THE MOTION

In his motion to vacate Judge Kelt's order of detention, Remo submits that it would be appropriate for this court to order his pre-trial release on bond because (1) he is a United States citizen; (2) he is a resident of Houston, Texas; (3) he is currently employed as a cook; (4) his employer is willing to continue such employment; and (5) there exist numerous individuals and witnesses willing to testify on his behalf.

## III. THE HEARING AND FINDINGS OF FACT

Hearing on Remo's motion was held before this court on July 31, 1991. Remo was represented by his attorney, Kent W. Johns. Assistant United States Attorney John M. Bales represented the government. Johns called three witnesses.

The first witness called was Emma Remo, Remo's ex-wife. Emma Remo works as a nurse at a Houston hospital and has four children. While she would agree to serve as a third party custodian for Remo, she does not have a close relationship with Remo. For example, her testimony was hazy, at best, concerning how and where she would even reach Remo by telephone. Emma Remo acknowledged Remo has two prior state court convictions for cocaine offenses.

The second witness called was Remo's older brother, Calvin Remo. Calvin Remo also would agree to serve as the defendant's third party custodian and would agree to submit his home as security for Remo's future appearances in this court. No evidence was presented as to the fair market value of this home or Calvin Remo's clear title thereto. Also, Calvin Remo's contact with the defendant is minimal and sporadic.

Finally, Mr. Johns called the defendant to testify. Remo is presently in the custody of the U.S. Marshals Service. Three weeks ago he apparently suffered a heart attack, for which he is now under the care of a physician. Remo is also taking medication for his cardiac problems. He also

has diabetes and high blood pressure. No physician testified to any medical need for Remo's release from custody.

The court gleans the following from the testimony adduced at the hearing. All three witnesses did not appear candid and responded evasively to the court's and the Assistant United States Attorney's questions. Remo has tenuous family and community ties. In recent years, his employment history in legitimate business enterprises has been spotty. Instead, Remo has apparently devoted his vocational efforts toward distributing the illegal narcotic, cocaine. While Remo states that he is presently employed, he is in error. He is in jail in the custody of federal authorities. Remo also states that his job as a cook will be available were he released pending trial. The employer, however, was not called to testify to this. The court assigns scant weight to Remo's self-serving testimony regarding his current employability.

Subsequent to the hearing, the United States provided the court with certified copies of two state court judgments against Remo. In the first, from the 180th District Court of Harris County, Texas, Remo pled guilty on April 28, 1986 to a felony charge of unlawful delivery of cocaine. Remo was sentenced to thirty days in jail and ten (10) years of probation.

In the second judgment, dated October 22, 1987, from the same court, Remo pled guilty to a felony charge of possession of cocaine. This offense occurred on July 22, 1987—about fifteen months after the judgment was rendered as to the prior cocaine offense. Remo was sentenced to six (6) years confinement in the Texas Department of Corrections (now the Texas Department of Criminal Justice–Institutional Division).

Given the recited details of Remo's two prior convictions and his present federal indictment, the following is apparent. First, Remo has a continuing problem isolating himself from illegal narcotics, namely cocaine. Second, when Remo was indicted for the federal offenses, he was on parole for the prior state narcotics offenses.

## IV. THE LAW

This matter is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.* (1985 and West Supp.1991). Remo's appeal of Judge Kelt's detention order proceeds pursuant to 18 U.S.C. § 3145(b). When reviewing a magistrate's order of detention, the district court acts *de novo* making an independent determinaton of the proper pretrial detention or conditions for release, based on evidence presented to the magistrate and on additional evidence adduced before the district court. *United States v. Fortna,* 769 F.2d 243, 249–250 (5th Cir.1985).

Under 18 U.S.C. § 3142(e), a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) ..." Count one of the third superseding indictment charges Remo with a violation of 21 U.S.C. § 846, a section within the Controlled Substances Act. Section 846 carries a maximum term of imprisonment of ten years or more. The grand jury's indictment provides the probable cause that Remo in fact committed the violation of § 846. *United States v. Hurtado,* 779 F.2d 1467, 1479 (11th Cir.1985). Thus 18 U.S.C. § 3142(e) raises the rebuttable presumption that Remo poses a risk of flight and a danger to the community. *United States v. Barker,* 876 F.2d 475, 476 (5th Cir.1989).

Once the presumption raised by § 3142(e) has been raised, the defendant bears the burden of production to come forward with evidence to rebut the presumption. *Barker,* 876 F.2d at 477. The government, however, at all times retains the burden of persuasion by clear and convincing evidence as to danger to the community, *Fortna,* 769 F.2d at 250; 18 U.S.C.

§ 3142(f), and by a preponderance of the evidence as to risk of flight. 769 F.2d at 250. Remo's burden was to produce evidence to suggest that he is not dangerous or is unlikely to flee if released on bail. *Barker*, 876 F.2d at 477. However, the statutory presumption is not "a mere bursting bubble that totally disappears from the judge's consideration after the defendant comes forward with evidence." *United States v. Hare*, 873 F.2d 796, 798 (5th Cir.1989). The mere production of evidence by the defendant does not completely rebut the presumption of § 3142(e). *Id.* "[I]n making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society." *Id.* at 798–799. The presumption set forth in § 3142(e) is evidence to be considered along with other factors set forth in 18 U.S.C. § 3142(g). *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir.1990).

■ Without reproducing § 3142(g) here, the court makes reference to this section with regard to the following conclusions. First, with regard to § 3142(g)(1), the court finds that Remo is charged with an offense involving "a narcotic drug." Second, with regard to § 3142(g)(3)(A), the court finds as to the history and characteristics of Remo: (1) his character is that of a habitual narcotics offender; (2) his physical condition is poor, as evidenced by his recent heart attack and his obesity; (3) his family and community ties are tenuous; (4) he has a history of illegal drug involvement and narcotics-related convictions. Third, with regard to § 3142(g)(3)(B), the court finds that at the time of the current offense or arrest, Remo was on probation or parole for an offense under state law, to wit his October 22, 1987 conviction for possession of cocaine. Finally, with regard to § 3142(g)(4), the court finds that were Remo released, he would pose a continuing danger to the community in that he appears to have a near propensity to engage in narcotics trafficking. Additionally, the court finds that Remo has great incentive to flee pending trial. The court so finds because Remo faces a potential of life imprisonment.

Also, many of his co-defendants have entered into plea agreements with the United States Attorney. A component of these agreements is the pledge to testify against co-defendants, such as Remo. Thus, the United States has raised the ante. Remo clearly presents a flight risk.

In summary, the court finds that Remo poses both a risk of flight and a danger to the community. The court further finds that Remo has failed to rebut this presumption.

### V. CONCLUSION

In accordance with the above findings of fact and conclusions of law, the defendant Frank Remo, A/K/A "Big Daddy's" motion to vacate Magistrate Judge George A. Kelt's order of detention is, in all things, DENIED.

SO ORDERED.